UNITED STATES of America,
Plaintiff–Appellee,

v.

Albert Kenneth GORDON,
Defendant–Appellant.

No. 93–6207
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 4, 1994.

J.B. Sessions, III, U.S. Atty., Maria F. Stieber, Asst. U.S. Atty., Mobile, AL, for appellee.

Before TJOFLAT, Chief Judge, and DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Albert Kenneth Gordon appeals from a sentence imposed after he pleaded guilty to

kidnapping and being a felon in possession of a firearm, in violation of 18 U.S.C. § 1201(a) and 18 U.S.C. §§ 922(g)(1) and 924(e), respectively. The charges stem from a 1991 crime spree during which Gordon and another man, Roger McQueen, robbed a Pizza Hut, beat up a police officer who caught up to them, stole the officer's pistol, hid out in the woods to avoid a manhunt, stole a car at gunpoint and then abandoned it, broke into the home of Johnnie Mae and Vestor Turner, held Mrs. Turner at gunpoint until Mr. Turner returned, and then forced Mr. Turner to drive them across the state line to Mississippi.

Gordon makes two distinct challenges to his sentence. First, he argues that the government in bad faith refused to move for a reduction in his sentence pursuant to U.S.S.G. § 5K1.1. Gordon's plea agreement required the government to make such a motion if Gordon provided truthful "substantial assistance" to the government in its criminal investigations. The government denies that bad faith motivated its decision not to make a § 5K1.1 motion. Instead, it offers two other reasons for the decision: *first,* Gordon never provided substantial assistance to the government, and *second,* the government offered its plea deal based on a discussion with Gordon during which Gordon lied. At sentencing, the district court specifically found that the government acted in good faith and that Gordon failed to provide substantial assistance. The district court's factual findings are not clearly erroneous.

Gordon's second challenge to his sentence involves a two-level increase to his base offense level that was made, pursuant to U.S.S.G. § 2A4.1(b)(3) (1991), because "a dangerous weapon was used" during the course of the kidnapping. Gordon correctly argues that mere "brandishing" of a gun does not constitute use of a weapon for purposes of the Sentencing Guidelines. U.S.S.G. § 1B1.1, cmt. 1(g). Here, however, Gordon's partner-in-crime (for whose actions Gordon is held responsible, U.S.S.G. § 1B1.3(a)(1)) did not merely "brandish" a gun; instead, he leveled a gun at Mrs. Turner's head and told her he would kill her if she did not do as she

was told. According to the district court, the weapon "was used as the instrument to effect the kidnapping." When a dangerous weapon is pointed at specific persons in order to intimidate those persons into following specific orders, such activity is more than mere "brandishing" and constitutes use of the weapon for purposes of U.S.S.G. § 2A4.1(b)(3). *See United States v. Johnson,* 931 F.2d 238, 240 (3d Cir.1991); *United States v. De La Rosa,* 911 F.2d 985, 993 (5th Cir.1990); *United States v. Townley,* 799 F.Supp. 646, 649 (W.D.La.1992); *cf. United States v. Roberts,* 898 F.2d 1465, 1469–70 (10th Cir.1990) (ruling that a defendant who held a knife to a victim's face during a robbery did more than "brandish" the knife for purposes of the Sentencing Guidelines).

Because the district court's findings on the government's good faith are not clearly erroneous, and because Gordon's partner did more than "brandish" a pistol, Gordon's sentence is AFFIRMED.