57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Levon BEST, Defendant-Appellant.
 No. 94-5080.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 18, 1995.
Decided: June 16, 1995.
 
 Jack B. Crawley, Jr., Raleigh, NC, for Appellant. Janice McKenzie Cole, United States Attorney, William Arthur Webb, Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Levon Best entered a guilty plea to three counts of armed bank robbery, 18 U.S.C.A. Sec. 2113(a), (d) (West 1984 & Supp.1994). He contests his 151-month sentence, arguing that the district court erred in enhancing his sentence for use of a dangerous weapon during one of the bank robberies, USSG Sec. 3.1(b)(2)(D),* and in refusing to grant him an adjustment for acceptance of responsibility. USSG Sec. 3E1.1. We affirm.
 
 
 2
 During the third robbery, which occurred on April 7, 1993, Best carried an unloaded BB gun. To gain access to the bank vault, he obtained the vault keys from a teller, but was told he also needed a combination. Best then pointed the BB gun at the teller and said, "Let's go." He forced her and another teller to walk to the vault and open it for him.
 
 
 3
 Guideline section 2B3.1(b)(2) provides for enhancements of 5, 6, or 7 levels if a firearm is discharged, displayed, brandished, possessed, or otherwise used in a robbery. It also provides a 4-level enhancement if a dangerous weapon is "otherwise used" by the defendant. Best filed a written objection to the probation officer's recommendation that he be given a 4-level adjustment for having otherwise used a dangerous weapon in the April 7 robbery. However, he failed to raise the issue during his sentencing hearing. On appeal, he argues that his conduct consisted of no more than brandishing a dangerous weapon, for which a 3-level enhancement would have been made.
 
 
 4
 Because the issue has not been properly preserved for appeal, we review only for plain error, United States v. Olano, 61 U.S.L.W. 4421
 
 
 5
 (U.S.1993), and find none. The terms "brandished" and "otherwise used" are found in more than one guideline, and are defined in the commentary to guideline section 1B1.1. The majority of circuits courts which have construed these terms have found that conduct similar to Best's amounts to more than brandishing. See, e.g., United States v. Gordon, 19 F.3d 1387, 1388 (11th Cir.) (pointing dangerous weapon at person to intimidate into following specific order is use of weapon), cert. denied, 63 U.S.L.W. 3265 (U.S.1994); United States v. Elkins, 16 F.3d 952, 954 (8th Cir.1994) (placing knife at throat of bystander to facilitate cooperation with robbery); cf. United States v. Seavoy, 995 F.2d 1414, 1422 (7th Cir.) (pointing firearm combined with explicit threat), cert. denied, 62 U.S.L.W. 3320 (U.S.1993).
 
 
 6
 The issue which was disputed at sentencing was acceptance of responsibility. While the probation officer recommended a 3-level reduction, the government objected that Best had not truthfully accounted for $88,000 which he obtained through the robberies. Before sentencing, Best agreed to take a polygraph examination, and stipulated that the district court could rely on the results in determining whether he had accepted responsibility. The test showed deceptiveness on three questions concerning Best's disposition of the money taken in the bank robberies. Based on the polygraph result, the district court found that Best had not accepted responsibility for the offense. We review the court's factual finding for clear error. United States v. Curtis, 934 F.2d 553, 557 (4th Cir.1991).
 
 
 7
 The commentary to guideline section 3E1.1 provides that voluntary assistance to authorities in the recovery of the fruits of the offense is evidence of acceptance of responsibility. USSG Sec. 3E1.1, comment. (n.1(e)). The district court had before it some evidence that Best had failed to return or account for a substantial part of the stolen money. While the polygraph result was not conclusive evidence that Best had concealed the money and lied about it, we cannot say that the district court was clearly erroneous in finding that Best had not demonstrated acceptance of responsibility.
 
 
 8
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)