**Dennis L. BARRETT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 96–1625.

United States Court of Appeals,
Eighth Circuit.

Submitted July 22, 1997.

Decided July 29, 1997.

Dennis L. Barrett, Pro Se.

Gregg R. Coonrod, Springfield, MO, for
Appellee.

Before McMILLIAN, BEAM, and
MORRIS SHEPPARD ARNOLD, Circuit
Judges.

PER CURIAM.

Dennis L. Barrett appeals from the district
court's[1] denial of his motion under 28 U.S.C.
§ 2255. We affirm.

In 1992, Dennis Barrett pleaded guilty to a
number of offenses, including aiding and
abetting the use and carrying of a firearm in
relation to drug offenses, in violation of 18
U.S.C. §§ 924(c) and 2. The district court
imposed a 60–month prison sentence on the
weapon charge, consecutive to the prison
sentence he received on other charges, and
three years supervised release. Barrett did
not file a direct appeal. Barrett later filed
this section 2255 motion, arguing that, in
light of *Bailey v. United States,* —— U.S.
——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995),
his firearm conviction should be vacated.

We note initially that Barrett may have
waived and procedurally defaulted this claim
by pleading guilty and not appealing. *See
Bousley v. Brooks,* 97 F.3d 284, 287 (8th
Cir.1996), *petition for cert. filed,* ——
U.S.L.W. —— (U.S. Mar. 18, 1997) (No. 96–
8516). The district court reached the merits,
however, and we agree with the court that
the claim is meritless. *See Rogers v. United
States,* 1 F.3d 697, 699 (8th Cir.1993) (per
curiam).

The record shows Michael Gilstrap, Bar-
rett's codefendant, was carrying a firearm in
the waistband of his pants at the time he sold
drugs to an undercover agent. *See Bailey,*
—— U.S. at —— – ——, 116 S.Ct. at 507–09
(preserving "carrying" as alternative basis
for § 924(c)(1) charge); *United States v.
White,* 81 F.3d 80, 83 (8th Cir.1996) ("carry"
means to bear firearm on or about one's
person). Barrett admitted at his guilty-plea
hearing that he gave Gilstrap the revolver
intending for Gilstrap to take it with him
while distributing cocaine Barrett had given

---

1. The Honorable Russell G. Clark, Jr., United
   States District Judge for the Western District of
   Missouri.

to Gilstrap. *See United States v. Simpson,* 979 F.2d 1282, 1285 (8th Cir.1992) (where another person robbed bank using firearm, and defendant provided transportation and means of concealment and knew other person planned to use gun in committing robbery, robber's gun became defendant's in eyes of law), *cert. denied,* 507 U.S. 943, 113 S.Ct. 1345, 122 L.Ed.2d 727 (1993).

■ We disagree with Barrett that a defendant may not be found guilty of a section 924(c)(1) offense as an aider and abettor. We have recognized that a defendant who did not personally use or carry a firearm may be found guilty of violating section 924(c)(1) under an aiding-and-abetting theory, *see id.* at 1285–86, and have recently held that *Bailey* does not preclude the continued application of a coconspirator theory of liability to section 924(c)(1) offenses, *see United States v. Rodger,* 100 F.3d 90, 91 n.2 (8th Cir.1996) (per curiam), *petition for cert. filed,* —— U.S.L.W. —— (U.S. June 23, 1997) (No. 96–9502). We conclude the same holds true for aiding-and-abetting liability. *See United States v. Giraldo,* 80 F.3d 667, 676–77 (2d Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 135, 136 L.Ed.2d 83 (1996).

■ Barrett nonetheless insists he was not convicted as an aider and abettor. We disagree. Although his written judgment does not recite 18 U.S.C. § 2—the aiding-and-abetting statute—Barrett acknowledged at his plea hearing that he was pleading guilty to aiding and abetting the section 924(c)(1) offense, as alleged in the indictment, and the district court accepted his plea and stated that judgment would be entered accordingly. *Cf. United States v. Tramp,* 30 F.3d 1035, 1037 (8th Cir.1994) (oral pronouncement by sentencing court is judgment of court); *United States v. Glass,* 720 F.2d 21, 22 n. 2 (8th Cir.1983) (when oral sentence and written judgment conflict, oral sentence controls). Finally, we reject Barrett's argument that his guilty plea was not knowing and voluntary. *See Walker v. United States,* 115 F.3d 603 (8th Cir.1997).

Accordingly, we affirm.