**UNITED STATES of America, Plaintiff,**

v.

**Crystal PHIFER, Defendant.**

Nos. 95–CR–81146–DT, 98–CV–70507–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 10, 1998.

Daniel Moss, Farmington Hills, for Plaintiff.

Michael Leibson, William Sauget, Asst. U.S. Atty's, Detroit, MI, for Defendant.

***OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT HER SENTENCE PURSUANT TO 28 U.S.C. § 2255***

DUGGAN, District Judge.

Currently before the Court is defendant Crystal Phifer's motion to vacate, set aside,

or correct her sentence pursuant to 28 U.S.C. § 2255. Section 2255 permits a court to grant relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Because "the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court decides this matter without holding a hearing. § 2255.

## Background

On December 12, 1995, the government indicted the defendant on the following charges: violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (count 1), conspiracy to violate 18 U.S.C. § 1962(c) in violation of 18 U.S.C. § 1962(d) (count 2), conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (count 4), use of a communication facility in facilitating the commission of violations of the Controlled Substances Act in violation of 21 U.S.C. § 843(b) (counts 10 and 11), and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (count 22). On July 16, 1996, defendant pled guilty to the RICO and firearms charges (counts 1 and 22). Defendant's plea was made pursuant to a Rule 11[1] plea agreement, which provided that defendant's sentence would not exceed 148 months and that, upon the government's determination that defendant provided "substantial assistance" in the investigation of others, the government would move for a downward departure from the applicable Sentencing Guidelines range. (Rule 11 Plea Agreement ¶¶ 2.C. and 3.B.) If the government made a motion for a downward departure, defendant's sentence would equal 96 months. *Id.* ¶ 3.C.

A United States Probation Officer prepared a presentence report regarding defendant's sentence. This report indicated that the total offense level on the RICO charge was 27, yielding a sentencing range of 70–87 months. With the addition of 60 months on the firearms charge, defendant's sentencing range was 130–147 months. Neither side submitted objections to this report.

On January 28, 1998, this Court granted the government's motion for a downward departure and sentenced defendant to a term of imprisonment of 84 months.

## Discussion

Defendant argues that she received ineffective assistance from her attorney, Daniel H. Moss, Esq., in violation of the Sixth Amendment of the United States Constitution. Defendant claims that attorney Moss should have objected to her plea of guilty to the firearms charge because there was no evidence linking defendant to a firearms offense. Defendant also claims that Moss improperly failed to object to a three level enhancement with respect to the RICO charge for playing a managerial role. Finally, defendant asserts that Moss represented her while under a conflict of interest because he also represented her co-defendant, Michael Avery. The Court will address each argument in turn.

### 1. *Firearms Conviction*

In order to establish ineffective assistance of counsel, defendant must show "that counsel's performance was deficient .... [and] that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *accord O'Hara v. Wigginton,* 24 F.3d 823, 828 (6th Cir.1994). In determining whether counsel's performance is deficient,

> The court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.... At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. A defendant's defense is prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

1. Fed. R. Cr. P. 11.

proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

■ Defendant claims that attorney Moss provided her with ineffective assistance with respect to her plea bargain because there was no evidence linking her to a firearms violation under 18 U.S.C. § 924(c).[2] The government counters that defendant's argument lacks merit because defendant was acting as an aider and abettor in an armed robbery. One may be held criminally liable as an aider and abettor if he 1) performs an act that contributes to the execution of a crime and 2) intends to aid in the commission of a crime. *United States v. Lowery,* 60 F.3d 1199, 1202 (6th Cir.1995); *accord Barrett v. United States,* 120 F.3d 900, 901 (8th Cir. 1997) (holding that B*ailey v. U.S.,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) does not preclude the continued application of aiding and abetting liability); *cf. United States v. Myers,* 102 F.3d 227 (6th Cir.1996) (holding that *Pinkerton v. United States,* 328 U.S. 640, 646–47, 66 S.Ct. 1180, 1183–84, 90 L.Ed. 1489 (1946) "vicarious liability" rule still viable in § 924(c) cases following *Bailey* ). In *Lowery* the Sixth Circuit upheld the conviction of the defendant under § 924(c) because she aided and abetted her co-defendants who used a shotgun during a bank robbery. The *Lowery* Court explained its holding as follows:

> [T]he jury rationally credited Ed's and Pelfrey's testimony, which proved that [the defendant] took part in planning the date and target of the robbery, determined where to dispose of the masks, shotgun, and clothing, and used some of the proceeds to exchange the getaway car for another car. The evidence of [the defendant's] intent to help commit the bank robbery, combined with her knowledge that Ed was using and carrying her shotgun, permitted the jury to rationally find that she was guilty [under § 924(c) ].

60 F.3d at 1202. The Court is satisfied that defendant contributed to and intentionally aided an armed robbery in which firearms were used by other perpetrators.

**2.** Section 924(c)(1) states in pertinent part, "Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United

The presentence report contains the following:

> 21. According to Echols, he went to the above location along with his "friend," CRYSTAL PHIFER, for the purpose of purchasing drugs. PHIFER had previously contacted the purported drug dealer and set up the purchase. They were met by a lone male who escorted Echols into an apartment building. Once inside the building, the male produced a gun and robbed Echols of $3,500.00, which Echols had intended to use to purchase four ounces of cocaine.

(Presentence Rept. at 6.)

At the sentencing hearing held on January 28, 1997, petitioner acknowledged that the information in the presentence report was accurate:

> THE COURT: Ms. Phifer, have you had an opportunity to review with your attorney this presentence report that's been prepared in this case.
>
> DEFENDANT PHIFER: Yes.
>
> THE COURT: You understand that the Court relies on the information in this report to assist the Court in arriving at an appropriate sentence?
>
> DEFENDANT PHIFER: Yes.
>
> THE COURT: Therefore, it's important that the information in this report be correct; do you understand that?
>
> DEFENDANT PHIFER: Yes.
>
> THE COURT: In reviewing this report with your attorney, did you notice anything in here that's not correct or what you wish to comment upon or bring to my attention at this time?
>
> DEFENDANT PHIFER: No, sir.

(Sentencing Trans. at 4.)

At the hearing at which petitioner pled guilty (held on July 16, 1996), petitioner specifically acknowledged that she set up Echols so that Carter or Avery could rob him at gunpoint:

States, uses or carries a firearm, shall in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years."

MR. LEIBSON: And in fact, what was going on is you had already spoken to one or two of those other individuals, Carter or Avery, and the whole set up was they were going to rob him at gunpoint in order to obtain his money that he was going to use to buy the drugs?

DEFENDANT PHIFER: That's correct.

MR. LEIBSON: And you were aware that a gun was going to be used?

DEFENDANT PHIFER: Yes.

(Plea Trans. at 11.)

This acknowledgment by the defendant satisfies this Court that she knowingly aided and abetted in the armed robbery of Echols and that she knowingly aided and abetted in the "use" of a firearm "during and in relation to any crime of violence or drug trafficking crime," in violation of 18 U.S.C. § 924(c).

■ Thus, similar to the defendant in *Lowery*, defendant was involved in an armed robbery scheme and knew that the victim would be robbed at gunpoint. *See also United States v. Morrow*, 977 F.2d 222, 231 (6th Cir.1992) (*en banc*) (holding that the defendant aided and abetted the carrying of a handgun by a co-defendant where the defendant intended for the firearm to protect him from interference with his drug trafficking efforts and the presence of the firearm facilitated those efforts). Because defendant was guilty as an aider and abettor under *Lowery* and *Morrow*, her attorney did not provide ineffective assistance of counsel with respect to defendant's guilty plea on the § 924(c) charge.

Defendant argues that *United States v. Medina*, 32 F.3d 40 (2d Cir.1994) is to the contrary. Stating that "the language of [18 U.S.C. § 2(a) ][3] requires proof that [the defendant] performed some act that directly facilitated or encouraged the use or carrying of a firearm," the *Medina* court held that the defendant could not be convicted as an aider and abettor of two confederates who carried weapons in an attempted armed robbery, even though he planned the robbery and knew that at least one confederate would be carrying a firearm. *Id.* at 45.

The Court does not believe that *Medina* requires a contrary result in this case for several reasons. First, it appears that *Medina's* holding is contrary to *Morrow*, in which the Sixth Circuit held a defendant could be found guilty under § 924(c) where he was aware a co-defendant was carrying a pistol and the defendant received the benefit of the pistol's protection. The Sixth Circuit did not require the direct facilitation or encouragement of the carrying of the pistol. Second, under the facts presented in the instant case, defendant did "facilitate" the use of the firearms because she procured the victim's presence under false pretenses, which enabled her confederates to "use" their weapons to effectuate the armed robbery. Third, the relevant inquiry in this case is whether attorney Moss provided constitutionally defective assistance in encouraging defendant to plead guilty to the § 924(c) charge. As discussed *supra*, applicable Sixth Circuit authority indicates that defendant was in fact guilty as an aider and abettor. The fact that arguably contrary authority exists in another circuit would not necessarily dissuade competent counsel from foregoing a plea agreement where guilt under controlling authority seemed clear. This is especially true in this case because defendant faced multiple counts under the indictment, at least one of which (the RICO charge) carried a potential life sentence, and the plea agreement provided for a sentence as low as 96 months.

### 2. *Managerial Role*

■ Defendant next contends that the performance of attorney Moss was deficient because he failed to object to a three level enhancement with respect to the RICO sentence based on defendant's managerial role. Defendant claims in a conclusory manner that she did not play a managerial role. She has not shown that counsel would have been successful had he objected. This unsupported and speculative argument is insufficient to establish a claim of ineffective assistance of counsel. *See United States v. Snow*, 48 F.3d 198, 199 (6th Cir.1995); *see also Lynott v. Story*, 929 F.2d 228, 232 (6th Cir.1991).

**3.** 18 U.S.C. § 2(a) provides, "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Even had the Court not assessed a 3–level enhancement pursuant to U.S.S.G. § 3B1.1(b), the defendant's guideline range for the drug trafficking offense would have been 51–63 months,[4] plus, 60 months for the 924(c) conviction. Defendant received a sentence of 24 months for the drug trafficking conviction. Counsel's failure to argue that she should not receive a 3–level enhancement for her "managerial" role under guideline 3B1.1(b) did not result in any prejudice to defendant.

### 3. Conflict of Interest

Finally, defendant asserts that she received ineffective assistance of counsel because Moss represented defendant as well as a co-defendant (Michael Avery).

 When a defendant claims that the defense counsel's performance was deficient due to a conflict of interest, the defendant may demonstrate a violation of the Sixth Amendment by "establish[ing] that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). Thus, the court must consider "(1) whether there is an actual conflict of interest and (2) whether that conflict has caused ineffective performance in violation of the Sixth Amendment." *United States v. Boling,* 869 F.2d 965, 971 (6th Cir. 1989).

Defendant has made no showing that Moss was operating under an actual conflict of interest or that such conflict of interest detrimentally affected Moss's performance. Therefore, the Court rejects this argument as well.

Defendant knowingly entered into a Rule 11 plea agreement in which she agreed to acknowledge her guilt for the two offenses to which she was pleading guilty with the understanding that her sentence would not exceed 148 months. The government agreed that if she provided "substantial assistance" it would make a motion for a downward departure under 5K1.1 and recommend a sentence of 96 months. The government made such motion. The Court, exercising its discretion, departed below the recommendation of the government and imposed a sentence of 84 months.

The Court is satisfied that defendant was not prejudiced by the representation given her by her counsel. There is no "reasonable probability" that had counsel performed his duties differently that "the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

---

4. Defendant's guideline calculation would have been offense level 24, criminal history I; rather than 27–I.