**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4980

MICHAEL TILLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Charles E. Simons, Jr., Senior District Judge.
(CR-97-365-CES)

Submitted: August 25, 1998

Decided: September 21, 1998

Before HAMILTON and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jan S. Strifling, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Dean A. Eichelberger, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Tilley appeals his 72 month sentence imposed after pleading guilty to aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2, 2113(a), 2113(d) (1994). On appeal, Tilley contends the court erred in refusing to downwardly depart from the sentencing guidelines' range due to aberrant behavior and in enhancing his sentencing for using a firearm. Finding no reversible error, we affirm.

In November 1996, Tilley and Lamont Dozier drove to a bank in North Augusta, South Carolina. Tilley entered the bank to determine the security present. He and Dozier drove to a local hotel, where Tilley rented a room under a false name. They then went to local stores and purchased gloves, a black mask, and black sweat pants. Tilley provided Dozier with a .25 caliber firearm. They drove back to the bank and Dozier entered the bank and robbed it. He threatened a teller by placing the firearm to her head and telling her he was going to "blow her head off."

At sentencing, Tilley moved for a downward departure based upon aberrant behavior. See U.S. Sentencing Guidelines Manual § 5K2.0, P.S. (1997). After hearing testimony from several character witnesses, the court denied the motion. It is well settled that the denial of a motion for downward departure is not reviewable on appeal unless the district court misperceived its power to depart. See United States v. Darby, 37 F.3d 1059, 1068 (4th Cir. 1994) (refusing to review district court's denial of motion to depart for aberrant behavior).

The record of the sentencing hearing discloses that the court realized its authority to depart downward in this case, however, rejected the motion because Tilley's conduct in committing the offense was not aberrant behavior. The court stated that "[t]he claim of aberrant behavior in this case is inconsistent with the defendant's own admission. One doesn't plan aberrant behavior. It is just something that happens . . . according to [Tilley's] own admission . . . he and Lonnie Dozier had planned to rob another bank and talked about robbing." (J.A. at 89). Accordingly, the district court's refusal to depart downward is not subject to review.

2

Tilley also contends the court erred by enhancing the offense level six levels for using a firearm. See USSG§ 2B3.1(b)(2)(B) (1997). The section permits an increase in the offense level for using a firearm on a sliding scale depending on the circumstances surrounding the use of the firearm. Tilley contends that the section is inapplicable to him because he was only an aider and abettor, citing Bailey v. United States, 516 U.S. 137 (1995), for the proposition that a defendant is liable for using a firearm under 18 U.S.C.A.§ 924(c) (West Supp. 1998) if the defendant actively employed the firearm. Bailey has no relevance to § 2B3.1. In any event, Bailey did not alter aiding and abetting liability for § 924(c) violations. See, e.g., United States v. Wilson, 135 F.3d 291, 305 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3758 (U.S. May 26, 1998) (No. 97-8750); see also Barrett v. United States, 120 F.3d 900, 901 (8th Cir. 1997) (per curiam); United States v. Malpeso, 115 F.3d 155, 166-67 (2d Cir. 1997), cert. denied, ___ U.S. #6D6D 6D#, 66 U.S.L.W. 3811, 66 U.S.L.W. 3815 (U.S. June 26, 1998) (No. 97-1404).

Finally, Tilley contends the court erred by enhancing his offense level six levels instead of five. Section 2B3.1 permits a seven-level enhancement if a firearm was discharged, a six-level enhancement if a firearm was "otherwise used," and a five-level enhancement if a firearm was "brandished, displayed, or possessed." Tilley does not dispute the court's factual finding and concedes that case law supports the six-level enhancement for similar conduct. See, e.g., United States v. Gordon, 19 F.3d 1387, 1388 (11th Cir. 1994) (pointing a firearm at a victim with an explicit threat is more than merely brandishing a firearm); United States v. Seavoy, 995 F.2d 1414, 1422 (7th Cir. 1993) (same). We find this claim to be without merit.

Accordingly, we affirm Tilley's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3