**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-7292

JOSEPH FRANCIS SHEA, a/k/a Diamond
Joe,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-93-55, CA-96-1198-2)

Submitted: November 17, 1998

Decided: March 30, 1999

Before ERVIN, MICHAEL, and MOTZ, Circuit Judges.

_____

Dismissed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Joseph Francis Shea, Appellant Pro Se. Kevin Michael Comstock,
OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph F. Shea appeals the district court order denying relief on his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). We grant a certificate of appealability as to whether Shea was deprived of effective assistance of counsel in violation of the Sixth Amendment upon his claim that counsel did not inform him that the Government conceded there was no factual basis for count four of the indictment that charged Shea with a violation of 18 U.S.C. § 924(c)(1) (1994). We also vacate that portion of the district court's order denying relief on this issue and remand for further proceedings in the district court. We deny a certificate of appealability and dismiss the appeal in all other respects.

The district court concluded that Shea's motion was barred by the one-year statute of limitations period of § 2255. Shea's conviction became final on May 31, 1994, and he filed the § 2255 motion on December 6, 1996. Shea filed an amended § 2255 motion and a motion for leave to file the amended motion on March 19, 1997, which the court granted on April 23, 1997, and ordered Shea to file a consolidated § 2255 motion including the claims raised in the initial and amended § 2255 motions. Shea filed his consolidated motion on June 30, 1997. The consolidated motion merely combined the claims raised in his initial and amended § 2255 motions. The court concluded that the statute of limitations began to run on May 4, 1994, when Shea's conviction became final. The court also concluded that the § 2255 motion was filed on June 30, 1997 and was therefore untimely.

The district court did not have the benefit of our recent opinion in Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). In Brown, this Court held that motions challenging convictions made final prior to the enactment of the Antiterrorism and Effective Death Penalty Act

2

of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (effective Apr. 24, 1996) are timely, so long as the motion is filed on or before April 23, 1997. Shea's § 2255 motion, his amended § 2255 motion, and the court's granting of Shea's motion to amend his § 2255 motion were all filed on or before April 23, 1997. The consolidated § 2255 motion, filed on June 30, 1997, merely included claims which were previously filed with the court. We therefore conclude that Shea's § 2255 motion was filed within the one-year limitations period because all of his claims were filed on or before April 23, 1997.

Notwithstanding our conclusion that Shea's § 2255 motion was timely, the district court did not commit reversible error in dismissing the motion as to all of Shea's claims but one. Shea's claims concerning the alleged error in the judgment order, the decision to order that the federal sentences be served consecutively to the state sentence, and the failure to make factual findings before ordering restitution should have been raised on direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n.10 (1976). This Court did not consider the merits of Shea's appeal and dismissed the appeal because he knowingly and voluntarily waived his right to appeal any sentence which fell below the statutory maximum. See United States v. Shea , 1994 WL 233531 (4th Cir. May 31, 1994) (No. 93-5850) (unpublished).

To obtain collateral relief based on errors not raised on appeal, Shea must show "cause" excusing his procedural default and "actual prejudice" resulting from the error of which he complains. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Shea cannot show cause because he waived his right to appeal. See United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995). We therefore deny a certificate of appealability and dismiss as to these claims.

As for Shea's claim that the evidence was insufficient to sustain his guilty plea to the § 924(c)(1) charge, our review of a transcript of the plea hearing discloses that Shea knew he was pleading guilty as an aider and abettor. Furthermore, Shea's reliance on Bailey v. United States, 516 U.S. 137 (1995), is misplaced. Bailey did not alter aiding and abetting liability for § 924(c)(1) violations. See, e.g., United States v. Wilson, 135 F.3d 291, 305 (4th Cir.), cert. denied, ___U.S. ___, 66 U.S.L.W. 3758 (U.S. May 26, 1998) (No. 97-8750); see also Barrett v. United States, 120 F.3d 900, 901 (8th Cir. 1997) (per

3

curiam). Shea's challenge to the court's subject matter jurisdiction must also fail since Shea conceded at the guilty plea hearing that the jewels traveled in interstate commerce. See United States v. Paredes, 139 F.3d 840, 843-44 (11th Cir. 1998) (minimal impact on interstate commerce is sufficient to give the court subject matter jurisdiction). In addition, there is no evidence of prosecutorial misconduct. The Government informed Shea's counsel that there was no factual basis for one of the § 924(c)(1) charges as soon as it discovered the deficiency. We therefore deny a certificate of appealability and dismiss the appeal as to all of these claims as well.

As for Shea's ineffective assistance of counsel claim, however, we find that Shea has made a substantial showing of denial of a constitutional right, and we grant a certificate of appealability as to this claim. Shea had a constitutional right to effective assistance of counsel at the guilty plea hearing. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

Shea was indicted on numerous charges resulting from two robberies, including two violations of using a weapon during a crime of violence in violation of § 924(c)(1). He agreed to plead guilty to two charges in the indictment, including one of the§ 924(c)(1) charges, in exchange for the Government's dismissal of the remaining charges. After Shea entered into the plea agreement, but before pleading guilty, the Government informed his counsel that there was no factual basis for the § 924(c)(1) charge that was to be dismissed as part of the agreement.* Shea attests under penalty of perjury that his counsel never gave him this information. Shea explains that he believed he was avoiding a mandatory twenty-year consecutive sentence by agreeing to plead guilty to the one § 924(c)(1) charge in exchange for the Government's dismissal of the other § 924(c)(1) charge. Shea further contends that had he known that there was no factual basis for the dismissed § 924(c)(1) charge, he would not have pled guilty to the other § 924(c)(1) charge and would have insisted on a trial. In the § 2255 proceedings, neither the district court nor the Government addressed the merits of this claim.

_____

*Specifically, the Government conceded that the weapon that was the basis of the § 924(c)(1) charge was a BB gun. According to the Government, a BB gun does not meet the definition of a firearm under 18 U.S.C. § 921(a)(3) (1994).

4

We therefore grant a certificate of appealability as to whether Shea was deprived of effective assistance of counsel in violation of the Sixth Amendment upon his claim that counsel did not inform him that there was no factual basis for the dismissed § 924(c)(1) charge. We also vacate that part of the district court's order dismissing Shea's § 2255 motion on this issue and remand that claim for further proceedings in the district court. We deny a certificate of appealability and dismiss the appeal from the court's order in all other respects. We deny Shea's motions to correct, to amend, and to supplement the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART, VACATED IN PART, AND REMANDED

5