**Vito BADAMO, Jr.**

v.

**UNITED STATES of America.**

**Ignacio EUGENIO**

v.

**UNITED STATES of America.**

**Anthony SANTORO**

v.

**UNITED STATES of America.**

**Jose ORDONEZ**

v.

**UNITED STATES of America.**

Civ. A. Nos. 97–169–T, 97–250–T, 97–131–T and 97–382–T.

United States District Court,
D. Rhode Island.

Aug. 10, 1998.

Vito Badamo, Jr., Ignacio Eugenio, Anthony Santoro, Jose Ordonez, pro se.

Charles A. Tamuleviz, Asst. U.S. Attorney, United States Attorney's Office, Providence, RI, for Defendant.

### MEMORANDUM AND ORDER

TORRES, District Judge.

### *Introduction*

Vito Badamo, Jr., Ignacio Eugenio, Anthony Santoro and Jose Ordonez (the "petitioners") have moved, pursuant to 28 U.S.C. § 2255, for an order vacating their sentences for using and carrying firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) and for aiding and abetting others in committing that offense.

The principal issue presented is whether the facts are sufficient to support their convictions for aiding and abetting. Because I find that the facts are sufficient, the motions are denied.

### *Factual Background*

In September of 1994, Ordonez and three other men met to discuss robbing a drug stash house located in Providence. Unbeknownst to Ordonez, one of the men was an undercover police officer and the other two were informants. It was agreed that the robbery would be committed by Ordonez and several of his acquaintances posing as police officers conducting a raid.

Several days later, Ordonez, the remaining petitioners, Vito Badamo, Sr., and James Favaloro, met with the undercover officer and the informants to work out the details of their plan. At that meeting, firearms were discussed.

Early the following morning, the two Badamos, Eugenio, Santoro and Favaloro drove to the stash house. Ordonez remained at the hotel where all of them had been staying. On the way to the stash house, Eugenio was handed a firearm. When he arrived at the stash house, Eugenio handed the firearm to another participant to hold while he opened the door. When the participants entered the stash house, they were confronted by the Providence police. Badamo, Sr., and Favaloro were brandishing handguns, and Favaloro pointed his at the police. Both of them were shot and all of the participants eventually were apprehended.

The petitioners pled guilty to Counts III and IV of a four-count indictment. Count

III charged them with possessing cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and Count IV charged them with using and carrying firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Each count also charged the petitioners with "aiding and abetting" in violation of 18 U.S.C. § 2.

In their § 2255 motions, the petitioners argue that their convictions under Count IV should be vacated because the facts are insufficient to establish that they used firearms. They rely on the Supreme Court's intervening decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), holding that a firearm must be actively employed in order to be deemed used within the meaning of § 924(c). The petitioners also contend that the evidence fails to support a conviction for aiding and abetting since there has been no showing that they knew that firearms would be used in connection with the robbery.

### *Discussion*

#### I. *Aiding and Abetting*

■ A defendant may be convicted of aiding and abetting a violation of § 924(c) if he knew that the firearm would be used or carried during the commission of a drug trafficking offense and he "willingly took some action to facilitate the carriage or use." *United States v. Bennett*, 75 F.3d 40, 45 (1st Cir.1996) (*citing United States v. Luciano-Mosquera*, 63 F.3d 1142, 1150 (1st Cir.1995)).

In this case, it is clear that Badamo, Sr., and Favaloro violated § 924(c). The fact that they brandished handguns at the stash house and that Favaloro pointed his weapon at police satisfies even the "active employment" requirement of *Bailey*. Accordingly, the sole issue is whether the facts are sufficient to establish that the petitioners knew that firearms would be used and facilitated their use.

■ Ordinarily, a guilty plea constitutes an admission of all of the material facts and elements of the charge. *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). However, Fed. R.Crim.P. 11(f) prohibits acceptance of a guilty plea unless the Court is satisfied that a factual basis for the plea exists.

■ The test for determining whether there is an adequate factual basis for a plea is whether the established facts and the permissible inferences that may be drawn from them are sufficient to permit a rational juror to conclude, beyond a reasonable doubt, that the defendant is guilty of the offense charged. *See United States v. Graves*, 106 F.3d 342, 345 (10th Cir.1997). In making that determination, the Court may consider a variety of sources including the government's proffer, the defendant's statements at the plea hearing and the presentence report. *See United States v. Malave*, 22 F.3d 145, 148 (7th Cir.1994); Fed.R.Crim.P. 11 advisory committee's note to the 1966 amendment.

Here, the government's proffer and the presentence report contained allegations that the petitioners attended meetings at which plans to rob the stash house were formulated and the use of firearms specifically was discussed. There also were allegations that the petitioners actively participated in efforts to implement that plan.

During the plea colloquy, the defendants admitted the truth of those allegations and pled guilty after being advised that knowledge of the firearms was one of the elements that the government was required to prove in order to convict them of the offense charged in Count IV. Moreover, at the time of sentencing, the petitioners offered no objection to the description of events set forth in the presentence report.

Those facts are more than sufficient to support a finding that the petitioners knew that firearms would be used and that they facilitated their use. The petitioners were present when the use of firearms was discussed. In addition, the nature of the crime itself should have alerted them to the likelihood that the firearms would be actively employed in wresting possession of a large quantity of drugs from what they believed to be a group of drug traffickers. *See United States v. DeMasi*, 40 F.3d 1306, 1316 (1st

Cir.1994) (a rational jury could reasonably infer that a participant in a scheme to rob an armored truck protected by two armed guards must have known that his co-conspirators would use firearms).

Nor can there be any question that the petitioners facilitated the use of the firearms. The First Circuit has said that "once knowledge on the part of the aider and abettor is established, it does not take much to satisfy the facilitation element." *Bennett,* 75 F.3d at 45. As already noted, all of the petitioners, except Ordonez, actively participated in the abortive robbery. Moreover, although Ordonez remained at the hotel, he was instrumental in planning the robbery and those plans included the use of firearms. *Cf. Luciano–Mosquera,* 63 F.3d at 1150 (evidence sufficient to show facilitation when defendant provided his house for a meeting in which the firearms, that were later to be carried during the offense, were displayed for, and discussed with, some of the other defendants).

## II. *Using or Carrying*

■ Having determined that the facts support the petitioners' convictions for aiding and abetting, there is no need to address their argument with respect to using or carrying. However, it should be noted that Eugenio's conviction clearly is sustainable on that ground as well. Although it may be debatable whether Eugenio "used" a firearm, it is apparent that he, at least, "carried" one.

■ The term "carry," as used in § 924(c), refers to moving a firearm from one place to another. *United States v. Ramirez–Ferrer,* 82 F.3d 1149, 1152 (1st Cir.1996) (*citing United States v. Manning,* 79 F.3d 212 (1st Cir.1996)). A defendant carries a firearm "during and in relation to" a drug trafficking offense when that defendant "intended to have [the firearm] available for possible use during or immediately following the transaction, or if [the firearm] facilitated the transaction by lending courage to the possessor." *United States v. Payero,* 888 F.2d 928, 929 (1st Cir.1989).

In this case, the fact that Eugenio had a firearm in his possession during the trip to the stash house and handed it to another participant while he opened the door easily satisfies the carrying requirement.

### Conclusion

For all of the foregoing reasons, petitioners' motions are denied.

IT IS SO ORDERED,