Anthony SANTORO, Petitioner, Appellant,

v.

UNITED STATES, Respondent, Appellee.

Jose Ordonez, Petitioner, Appellant,

v.

United States, Respondent, Appellee.

Nos. 98–2007, 98–2016.

United States Court of Appeals, First Circuit.

June 8, 1999.

---

Anthony Santoro on brief pro se.

Jose Ordonez on brief pro se.

Margaret E. Curran, United States Attorney, Alicia M. Milligan and Charles A. Tamuleviz, Assistant United States Attorneys, on brief for appellee.

Before STAHL, Circuit Judge, CAMPBELL, Senior Circuit Judge, and LYNCH, Circuit Judge.

PER CURIAM.

Anthony Santoro and Jose Ordonez have each appealed the denial of his respective motion filed in the district court pursuant to 28 U.S.C. § 2255. *See Badamo v. United States*, 17 F.Supp.2d 60 (D.R.I.1998). The district court granted a certificate of appealability (COA) to each petitioner as to the issue "whether there was sufficient evidence in the record to sustain petitioner's plea to aiding and abetting in the use or carrying of a firearm during and in relation to a drug trafficking offense; more specifically, whether the petitioner facilitated the use and/or carrying of a firearm." After review of the record and the parties' briefs, we *affirm* the denial of the § 2255 motions.

Santoro, Ordonez, and four others attempted to rob a "stash house" in Providence, Rhode Island, where, they were told by an undercover agent ("UA"), they would find drugs and money. Ordonez recruited the others from New York to pose as police officers to make the robbery appear to be a police raid. In actuality, the "stash house" was a government-owned warehouse in which law enforcement agents had planted some cocaine and lay in wait. When Santoro and the others (minus Ordonez, who waited at the rendezvous motel) entered the warehouse, they were confronted by the (real) police. All, including Ordonez, were subsequently apprehended. One of the petitioners' cohorts, James Favaloro, was shot and killed by the police, after pointing a fully loaded and operable handgun towards the officers. Two others were wounded. A second loaded and operable gun was recovered from participant, Joseph Vito Badamo, Sr.. In addition, the police recovered two New York City police badges and a pair of handcuffs. It is conceded that neither Santoro nor any other participant who traveled to the warehouse fired any shot.

Santoro and Ordonez each pled guilty to one count of possession with intent to distribute cocaine, 21 U.S.C. § 841, and one count of using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting that firearm offense, 18 U.S.C. §§ 924(c) and 2. Neither filed a direct appeal. Subsequently, each filed a § 2255 motion, arguing that his § 924(c) conviction should be vacated, in light of *Bailey v. United States*, 516 U.S.

137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), because he did not actively employ, and there was no evidence that he had carried, a firearm during and in relation to the drug trafficking crime. The district court denied the § 2255 motions, concluding that there were sufficient facts to support a finding that the petitioners aided and abetted the § 924(c) offense, but granted a COA on this issue.[1]

■ As an initial matter, each petitioner has not shown cause and prejudice for failing to raise on direct appeal the issue as to the sufficiency of the evidence for aiding and abetting. The fact that *Bailey* was not decided until after their convictions and the expiration of the appeal period is not "cause" to excuse the procedural default because *Bailey* did not alter the required elements for aiding and abetting, *see, e.g., Wright v. United States*, 139 F.3d 551, 552 (7th Cir.1998), and, although *Bailey* clarified that "use" means active employment, two of the co-defendants actively employed firearms.[2]

■ Santoro and Ordonez each also allege in his appellate brief that the district court erroneously advised him of the elements of an aiding and abetting charge at the plea hearing. In fact, it was the prosecutor who, at the direction of the court, described the elements of the offenses. The alleged error is one of omission, i.e., a failure to inform the petitioners that the government would have to prove that he willingly took some action to facilitate the use or carrying of a firearm. But, in any event, assuming without deciding that such a claim would be a non-technical violation

1. Ordonez's § 2255 motion appears to have been both untimely, *see* 28 U.S.C. § 2255, and an impermissible second or successive motion for which he had failed to obtain authorization from the court of appeals to file in the district court, *see* 28 U.S.C. § 2244(b)(3)(A). The district court's seeming failure to consider these grounds is not explained by the record. Because we affirm the district court's denial of the § 2255 motion, we do not further pursue these additional, potentially via-

ble, grounds to support the denial of Ordonez's motion.

2. Even were the petitioners' claim legitimately a *Bailey*-based claim, "cause" for default is not established by a contention that a *Bailey*-type claim was not reasonably available prior to the *Bailey* decision itself. *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *see also Brache v. United States*, 165 F.3d 99, 102 (1st Cir.1999).

of Fed. R. Crim. P. 11 and, thus, cognizable in a § 2255 proceeding, *cf., United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), neither Santoro nor Ordonez raised this claim of a defective plea colloquy in his § 2255 motion. It is not properly before us, therefore. And, more importantly, the same procedural default remains. They have failed to establish cause to excuse their failure to raise this issue on direct appeal. *Cf. United States v. Romero*, 32 F.3d 641, 652 (1st Cir.1994) (finding no plain error when defendants failed to object to the court's alleged failure to instruct on one element of the offense).

■ Even if unable to establish cause and prejudice, Santoro and/or Ordonez could, nonetheless, obtain collateral relief from his § 924(c) conviction if he can show that he is "actually innocent" of that offense. *Bousley v. United States*, 118 S.Ct. at 1611. But to do so, he "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (citations and internal quotation marks omitted). This standard, which requires "a stronger showing than that needed to establish prejudice," reserves collateral review for the "truly 'extraordinary'" case, "while still providing petitioner a meaningful avenue by which to avoid a manifest injustice." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (internal citation omitted). Neither Santoro nor Ordonez has met this standard.

■ Santoro and Ordonez were at the meetings where the logistics of the plan were discussed and references to weapons were made. While Ordonez contends that the October planning meetings were conducted in English, in which he is not well-versed, he concedes that the "firearms were mentioned" at the September meeting which he alone attended with the UA and the confidential informants. He thereafter arranged for the other defendants to become participants in the plan, specifically as (phony) police officers. Police officers invariably carry firearms (as well as badges and handcuffs). Or so a jury could find. Those posing as police officers would do likewise. Or so a jury could find. Ordonez's orchestration of a plan with imposter police officers and his recruitment of them, therefore, suffices as facilitating the use and carriage of the firearms.

Santoro accompanied the other defendants to the stash house and, whether or not he, himself, used or carried a firearm, he acted as a lookout for the others and, thus, facilitated his co-defendants' use and carriage of the firearms. "It could be said that a defendant who is present but unarmed during the commission of a crime may ... by the division of labor ... make it easier for another to carry a firearm and therefore aid and abet that act." *United States v. Medina*, 32 F.3d 40, 47 (2d Cir. 1994); *see also United States v. Nelson*, 137 F.3d 1094, 1104 (9th Cir.) (unarmed participant in store robbery, who ordered store employees not to move nor hit any buttons, thus allowing armed participant to enter store safely, directly facilitated or encouraged the use of the firearm), *cert. denied*, ⸺ U.S. ⸺, 119 S.Ct. 231, 232, 142 L.Ed.2d 190 (1998).

We, therefore, *affirm* the district court judgment of August 11, 1998, denying the § 2255 motions.