USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-2007

 ANTHONY SANTORO,

 Petitioner, Appellant,

 v.

 UNITED STATES,

 Respondent, Appellee.
 ____________________

No. 98-2016

 JOSE ORDONEZ,

 Petitioner, Appellant,

 v.

 UNITED STATES,

 Respondent, Appellee.

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ernest C. Torres, U.S. District Judge]

 Before

 Stahl, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 
 
 
 
 Anthony Santoro on brief pro se.
 Jose Ordonez on brief pro se.
 Margaret E. Curran, United States Attorney, Alicia M. Milligan
and Charles A. Tamuleviz, Assistant United States Attorneys, on
brief for appellee.

June 8, 1999

 
 

 Per Curiam. Anthony Santoro and Jose Ordonez have
 each appealed the denial of his respective motion filed in the
 district court pursuant to 28 U.S.C. 2255. See Badamo v.
 United States, 17 F.Supp.2d 60 (D. R.I. 1998). The district
 court granted a certificate of appealability (COA) to each
 petitioner as to the issue "whether there was sufficient
 evidence in the record to sustain petitioner's plea to aiding
 and abetting in the use or carrying of a firearm during and in
 relation to a drug trafficking offense; more specifically,
 whether the petitioner facilitated the use and/or carrying of
 a firearm." After review of the record and the parties'
 briefs, we affirm the denial of the 2255 motions.
 Santoro, Ordonez, and four others attempted to rob a
 "stash house" in Providence, Rhode Island, where, they were
 told by an undercover agent ("UA"), they would find drugs and
 money. Ordonez recruited the others from New York to pose as
 police officers to make the robbery appear to be a police raid. 
 In actuality, the "stash house" was a government-owned
 warehouse in which law enforcement agents had planted some
 cocaine and lay in wait. When Santoro and the others (minus
 Ordonez, who waited at the rendevous motel) entered the
 warehouse, they were confronted by the (real) police. All,
 including Ordonez, were subsequently apprehended. One of the
 petitioners' cohorts, James Favaloro, was shot and killed by
 the police, after pointing a fully loaded and operable handgun
 towards the officers. Two others were wounded. A second
 loaded and operable gun was recovered from participant, Joseph
 Vito Badamo, Sr.. In addition, the police recovered two New
 York City police badges and a pair of handcuffs. It is
 conceded that neither Santoro nor any other participant who
 traveled to the warehouse fired any shot.
 Santoro and Ordonez each pled guilty to one count of
 possession with intent to distribute cocaine, 21 U.S.C. 841,
 and one count of using and carrying a firearm during and in
 relation to a drug trafficking crime and aiding and abetting
 that firearm offense, 18 U.S.C. 924(c) and 2. Neither filed
 a direct appeal. Subsequently, each filed a 2255 motion,
 arguing that his 924(c) conviction should be vacated, in
 light of Bailey v. United States, 516 U.S. 137 (1995), because
 he did not actively employ, and there was no evidence that he
 had carried, a firearm during and in relation to the drug
 trafficking crime. The district court denied the 2255
 motions, concluding that there were sufficient facts to support
 a finding that the petitioners aided and abetted the 924(c)
 offense, but granted a COA on this issue.
 As an initial matter, each petitioner has not shown
 cause and prejudice for failing to raise on direct appeal the
 issue as to the sufficiency of the evidence for aiding and
 abetting. The fact that Bailey was not decided until after
 their convictions and the expiration of the appeal period is
 not "cause" to excuse the procedural default because Bailey did
 not alter the required elements for aiding and abetting, see,
 e.g., Wright v. United States, 139 F.3d 551, 552 (7th Cir.
 1998), and, although Bailey clarified that "use" means active
 employment, two of the co-defendants actively employed
 firearms.
 Santoro and Ordonez each also allege in his appellate
 brief that the district court erroneously advised him of the
 elements of an aiding and abetting charge at the plea hearing. 
 In fact, it was the prosecutor who, at the direction of the
 court, described the elements of the offenses. The alleged
 error is one of omission, i.e., a failure to inform the 
 petitioners that the government would have to prove that he
 willingly took some action to facilitate the use or carrying of
 a firearm. But, in any event, assuming without deciding that
 such a claim would be a non-technical violation of Fed. R. Crim
 P. 11 and, thus, cognizable in a 2255 proceeding, cf., United
 States v. Timmreck, 441 U.S. 780 (1979), neither Santoro nor
 Ordonez raised this claim of a defective plea colloquy in his
 2255 motion. It is not properly before us, therefore. And,
 more importantly, the same procedural default remains. They
 have failed to establish cause to excuse their failure to raise
 this issue on direct appeal. Cf. United States v. Romero, 32
 F.3d 641, 652 (1st Cir. 1994) (finding no plain error when
 defendants failed to object to the court's alleged failure to
 instruct on one element of the offense).
 Even if unable to establish cause and prejudice,
 Santoro and/or Ordonez could, nonetheless, obtain collateral
 relief from his 924(c) conviction if he can show that he is
 "actually innocent" of that offense. Bousley v. United States,
 118 S. Ct. at 1611. But to do so, he "must demonstrate that,
 in light of all the evidence, it is more likely than not that
 no reasonable juror would have convicted him." Id. (citations
 and internal quotation marks omitted). This standard, which
 requires "a stronger showing than that needed to establish
 prejudice," reserves collateral review for the "truly
 'extraordinary'" case, "while still providing petitioner a
 meaningful avenue by which to avoid a manifest injustice." 
 Schlup v. Delo, 513 U.S. 298, 327 (1995) (internal citation
 omitted). Neither Santoro nor Ordonez has met this standard.
 Santoro and Ordonez were at the meetings where the
 logistics of the plan were discussed and references to weapons
 were made. While Ordonez contends that the October planning
 meetings were conducted in English, in which he is not well-
 versed, he concedes that the "firearms were mentioned" at the
 September meeting which he alone attended with the UA and the
 confidential informants. He thereafter arranged for the other
 defendants to become participants in the plan, specifically as
 (phony) police officers. Police officers invariably carry
 firearms (as well as badges and handcuffs). Or so a jury could
 find. Those posing as police officers would do likewise. Or
 so a jury could find. Ordonez's orchestration of a plan with
 imposter police officers and his recruitment of them,
 therefore, suffices as facilitating the use and carriage of the
 firearms.
 Santoro accompanied the other defendants to the stash
 house and, whether or not he, himself, used or carried a
 firearm, he acted as a lookout for the others and, thus,
 facilitated his co-defendants' use and carriage of the
 firearms. "It could be said that a defendant who is present
 but unarmed during the commission of a crime may ... by the
 division of labor ... make it easier for another to carry a
 firearm and therefore aid and abet that act." United States v.
 Medina, 32 F.3d 40, 47 (2d Cir. 1994); see also United States
 v. Nelson, 137 F.3d 1094, 1104 (9th Cir.) (unarmed participant
 in store robbery, who ordered store employees not to move nor
 hit any buttons, thus allowing armed participant to enter store
 safely, directly facilitated or encouraged the use of the
 firearm), cert. denied, 119 S. Ct. 231, 232 (1998).
 We, therefore, affirm the district court judgment of
 August 11, 1998, denying the 2255 motions.