[NOT FOR PUBLICATIONNOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 99-1081

 VITO BADAMO, JR.,

 Petitioner, Appellant,

 v.

 UNITED STATES,

 Respondent, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ernest C. Torres, U.S. District Judge]

 Before

 Selya, Boudin and Lynch,
 Circuit Judges.

 Vito Badamo, Jr. on brief pro se.
 Margaret E. Curran, United States Attorney, and Donald C.
Lockhart, Assistant United States Attorney, on brief for appellee.

SEPTEMBER 16, 1999

 Per Curiam. In May 1995, Vito Badamo, Jr. ("Badamo
Jr.") pled guilty to one count of possession with intent to
distribute cocaine, 21 U.S.C. 841, and one count of using and
carrying a firearm during and in relation to a drug trafficking
crime and aiding and abetting that firearm offense, 18 U.S.C.
 924(c) and 2. He did not file any direct appeal. In March
1997, he filed a 2255 motion, alleging that his firearm
conviction should be vacated in light of Bailey v. United
States, 516 U.S. 137 (1995). That motion was denied, see
Badamo v. United States, 17 F.Supp.2d 60 (D. R.I. 1998), and
Badamo Jr. appealed. The district court granted a certificate
of appealability (COA) on the issue "whether there was
sufficient evidence in the record to sustain petitioner's plea
to aiding and abetting in the use or carrying of a firearm
during and in relation to a drug trafficking offense; more
specifically, whether the petitioner facilitated the use and/or
carrying of a firearm." We affirm.
 The facts underlying the offenses are amply recited
in the district court's opinion, Badamo v. United States, 17
F.Supp.2d at 61, and in our own opinion affirming the district
court's decision in appeals filed by two of Badamo Jr.'s
codefendants, Santoro v. United States, F.3d , 1999 WL
691997, at *1, (1st Cir. June 8, 1999) (per curiam). We refer
the reader to that material and do not repeat it here.
 Badamo Jr. must show cause and prejudice for failing
to raise on direct appeal the issue as to the sufficiency of
the evidence for aiding and abetting. The fact that Bailey was
not decided until after his conviction and the expiration of
the appeal period is not "cause" to excuse the procedural
default because Bailey did not alter the required elements for
aiding and abetting, see, e.g., Wright v. United States, 139
F.3d 551, 552 (7th Cir. 1998), and, although Bailey clarified
that "use" means active employment, two of his codefendants
actively employed firearms.
 Even if unable to establish cause and prejudice,
Badamo, Jr. could, nonetheless, obtain collateral relief from
his 924(c) conviction if he can show that he is "actually
innocent" of that offense. Bousley v. United States, 523 U.S. 
at 623. But to do so, he "must demonstrate that, in light of
all the evidence, it is more likely than not that no reasonable
juror would have convicted him." Id. (citations and internal
quotation marks omitted). This standard, which requires "a
stronger showing than that needed to establish prejudice,"
reserves collateral review for the "truly 'extraordinary'"
case, "while still providing petitioner a meaningful avenue by
which to avoid a manifest injustice." Schlup v. Delo, 513 U.S.
298, 327 (1995) (internal citation omitted). Badamo Jr. has
not met this standard.
 As the district court accurately recited, a
conviction for aiding and abetting a 924(c) offense requires
a showing that a defendant knew a firearm would be used or
carried by another and willingly took some action to facilitate
the use or carriage. See United States v. Bennett, 75 F.3d 40,
45 (1st Cir.), cert. denied, 519 U.S. 845 (1996). The district
court's conclusion that Badamo, Jr. knew that firearms would be
used or carried is unassailable. Badamo Jr.'s unadorned
contention to the contrary is not persuasive. He was present
at the meeting in which firearms were discussed. He was
present when codefendant Eugenio was handed a weapon and when
Eugenio gave the weapon to one of the robbers as Eugenio opened
the "stash house" door. And, as the court remarked, "the
nature of the crime itself should have alerted them to the
likelihood that the firearms would be actively employed in
wresting possession of a large quantity of drugs from what they
believed to be a group of drug traffickers." Badamo v. United
States, 17 F.Supp. at 62.
 There is also sufficient evidence to support a
conclusion that Badamo Jr. willingly took some action to
facilitate the use or carrying of firearms. He was in
attendance at a planning meeting and concedes that the
defendants agreed to pose as police officers. Most
significantly, he recruited his cousin Favaloro to participate
in the job. Police officers invariably carry firearms as well
as badges and handcuffs (or so a jury could find). Those
posing as police officers would do likewise (or so a jury could
find). In fact, Favaloro carried and brandished a firearm and
New York City police badges and handcuffs were recovered from
the routes along which Badamo Jr. and others fled. A
reasonable juror could conclude that, in recruiting Favaloro to
participate in a plan to pose as a police officer, Badamo Jr.
facilitated the use and carrying of a firearm during and in
relation to the drug trafficking crime.
 On appeal, Badamo Jr. also contends that his guilty
plea was induced by an "erroneous instruction" by the district
court. Although he has not elaborated upon this allegation,
we presume that Badamo Jr. is complaining that, although he was
told that, in order to prove aiding and abetting of the use or
carrying of a firearm during and in relation to a drug
trafficking crime, the government had to prove that a defendant
knew a firearm was going to be used or carried during and in
relation to the drug trafficking crime, he was not informed
that the government would also have to prove that a defendant
willingly took some action to facilitate the use or carrying. 
We will assume, without deciding, that such a claim would be a
non-technical violation of Fed. R. Crim P. 11 and, thus,
cognizable in a 2255 proceeding. Cf. United States v.
Timmreck, 441 U.S. 780 (1979).
 Badamo Jr., however, did not raise this claim of a
defective plea colloquy in his 2255 motion. He first raised
it in his COA request to the district court and it was not the
issue upon which the district court granted a COA. Cf. Bui v.
DiPaolo 170 F.3d 232, 237-38 (1st Cir. 1999) (holding that, in
post-Bui cases, a petitioner must request from the court of
appeals a complementary COA in order to obtain appellate review
of an issue not certified by the district court), petition for
cert. filed (U.S. June 14, 1999) (No. 98-9840). We will
assume, without deciding, that, despite his failing to raise
the issue in his 2255 motion, the issue was sufficiently
presented in the district court by his raising it in his
request for a COA. And, as Badamo Jr.'s appeal was pending
when Bui was decided, we will not fault him for failing to ask
for a complementary COA. See Bui v. DiPaolo, 170 F.3d at 238. 
In any event, however, a procedural default remains. Badamo
Jr. has failed to establish cause to excuse his failure to
raise this issue on direct appeal. Cf. United States v.
Romero, 32 F.3d 641, 652 (1st Cir. 1994) (finding no plain
error when defendants failed to object to the court's alleged
failure to instruct on one element of the offense). And, as
outlined supra, Badamo Jr. can not show "actual innocence."
 The judgment of the district court is affirmed.