USCA1 Opinion

 

 [NOT FOR PUBLICATIONNOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 99-1081 VITO BADAMO, JR., Petitioner, Appellant, v. UNITED STATES, Respondent, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] Before Selya, Boudin and Lynch, Circuit Judges.      Vito Badamo, Jr. on brief pro se. Margaret E. Curran, United States Attorney, and Donald C.Lockhart, Assistant United States Attorney, on brief for appellee.SEPTEMBER 16, 1999      Per Curiam. In May 1995, Vito Badamo, Jr. ("Badamo Jr.") pled guilty to one count of possession with intent to distribute cocaine, 21 U.S.C. § 841, and one count of using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting that firearm offense, 18 U.S.C. §§ 924(c) and 2. He did not file any direct appeal. In March 1997, he filed a § 2255 motion, alleging that his firearm conviction should be vacated in light of Bailey v. United States, 516 U.S. 137 (1995). That motion was denied, see Badamo v. United States, 17 F.Supp.2d 60 (D. R.I. 1998), and Badamo Jr. appealed. The district court granted a certificate of appealability (COA) on the issue "whether there was sufficient evidence in the record to sustain petitioner's plea to aiding and abetting in the use or carrying of a firearm during and in relation to a drug trafficking offense; more specifically, whether the petitioner facilitated the use and/or carrying of a firearm." We affirm. The facts underlying the offenses are amply recited in the district court's opinion, Badamo v. United States, 17 F.Supp.2d at 61, and in our own opinion affirming the district court's decision in appeals filed by two of Badamo Jr.'s codefendants, Santoro v. United States, ___ F.3d ___, 1999 WL 691997, at *1, (1st Cir. June 8, 1999) (per curiam). We refer the reader to that material and do not repeat it here. Badamo Jr. must show cause and prejudice for failing to raise on direct appeal the issue as to the sufficiency of the evidence for aiding and abetting. The fact that Bailey was not decided until after his conviction and the expiration of the appeal period is not "cause" to excuse the procedural default because Bailey did not alter the required elements for aiding and abetting, see, e.g., Wright v. United States, 139 F.3d 551, 552 (7th Cir. 1998), and, although Bailey clarified that "use" means active employment, two of his codefendants actively employed firearms. Even if unable to establish cause and prejudice, Badamo, Jr. could, nonetheless, obtain collateral relief from his § 924(c) conviction if he can show that he is "actually innocent" of that offense. Bousley v. United States, 523 U.S.  at 623. But to do so, he "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (citations and internal quotation marks omitted). This standard, which requires "a stronger showing than that needed to establish prejudice," reserves collateral review for the "truly 'extraordinary'" case, "while still providing petitioner a meaningful avenue by which to avoid a manifest injustice." Schlup v. Delo, 513 U.S. 298, 327 (1995) (internal citation omitted). Badamo Jr. has not met this standard. As the district court accurately recited, a conviction for aiding and abetting a § 924(c) offense requires a showing that a defendant knew a firearm would be used or carried by another and willingly took some action to facilitate the use or carriage. See United States v. Bennett, 75 F.3d 40, 45 (1st Cir.), cert. denied, 519 U.S. 845 (1996). The district court's conclusion that Badamo, Jr. knew that firearms would be used or carried is unassailable. Badamo Jr.'s unadorned contention to the contrary is not persuasive. He was present at the meeting in which firearms were discussed. He was present when codefendant Eugenio was handed a weapon and when Eugenio gave the weapon to one of the robbers as Eugenio opened the "stash house" door. And, as the court remarked, "the nature of the crime itself should have alerted them to the likelihood that the firearms would be actively employed in wresting possession of a large quantity of drugs from what they believed to be a group of drug traffickers." Badamo v. United States, 17 F.Supp. at 62. There is also sufficient evidence to support a conclusion that Badamo Jr. willingly took some action to facilitate the use or carrying of firearms. He was in attendance at a planning meeting and concedes that the defendants agreed to pose as police officers. Most significantly, he recruited his cousin Favaloro to participate in the job. Police officers invariably carry firearms as well as badges and handcuffs (or so a jury could find). Those posing as police officers would do likewise (or so a jury could find). In fact, Favaloro carried and brandished a firearm and New York City police badges and handcuffs were recovered from the routes along which Badamo Jr. and others fled. A reasonable juror could conclude that, in recruiting Favaloro to participate in a plan to pose as a police officer, Badamo Jr. facilitated the use and carrying of a firearm during and in relation to the drug trafficking crime. On appeal, Badamo Jr. also contends that his guilty plea was induced by an "erroneous instruction" by the district court. Although he has not elaborated upon this allegation, we presume that Badamo Jr. is complaining that, although he was told that, in order to prove aiding and abetting of the use or carrying of a firearm during and in relation to a drug trafficking crime, the government had to prove that a defendant knew a firearm was going to be used or carried during and in relation to the drug trafficking crime, he was not informed that the government would also have to prove that a defendant willingly took some action to facilitate the use or carrying.  We will assume, without deciding, that such a claim would be a non-technical violation of Fed. R. Crim P. 11 and, thus, cognizable in a § 2255 proceeding. Cf. United States v. Timmreck, 441 U.S. 780 (1979). Badamo Jr., however, did not raise this claim of a defective plea colloquy in his § 2255 motion. He first raised it in his COA request to the district court and it was not the issue upon which the district court granted a COA. Cf. Bui v. DiPaolo 170 F.3d 232, 237-38 (1st Cir. 1999) (holding that, in post-Bui cases, a petitioner must request from the court of appeals a complementary COA in order to obtain appellate review of an issue not certified by the district court), petition for cert. filed (U.S. June 14, 1999) (No. 98-9840). We will assume, without deciding, that, despite his failing to raise the issue in his § 2255 motion, the issue was sufficiently presented in the district court by his raising it in his request for a COA. And, as Badamo Jr.'s appeal was pending when Bui was decided, we will not fault him for failing to ask for a complementary COA. See Bui v. DiPaolo, 170 F.3d at 238.  In any event, however, a procedural default remains. Badamo Jr. has failed to establish cause to excuse his failure to raise this issue on direct appeal. Cf. United States v. Romero, 32 F.3d 641, 652 (1st Cir. 1994) (finding no plain error when defendants failed to object to the court's alleged failure to instruct on one element of the offense). And, as outlined supra, Badamo Jr. can not show "actual innocence." The judgment of the district court is affirmed.