**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KERRY DEVIN O'BRYAN,

Defendant-Appellant.

No. 99-3017
(D.C. No. 96-CR-10076-03-MLB)
(D. Kan.)

ORDER
Filed February 22, 2001

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

This matter is before the court on appellant's petition for rehearing with suggestion for rehearing en banc. The panel has voted to modify the order and judgment filed on November 29, 2000. On page four, the order and judgment is modified to reflect that the defendant did not show cause for his failure to raise the issue of selective prosecution before the trial court. The petition for rehearing is denied based on the modification. A copy of the modified order and judgment is attached.

The suggestion for rehearing en banc was transmitted to all of the

judges of the court who are in regular active service as required by Fed. R. App. P. 35. As no member of the panel and no judge in regular active service on the court requested that the court be polled, the suggestion is denied.

Entered for the Court
Patrick Fisher, Clerk of Court

By:
Keith Nelson
Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NOV 29 2000

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KERRY DEVIN O'BRYAN,

    Defendant-Appellant.

No. 99-3017
(D.C. No. 96-CR-10076-03-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT** [*]

---

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

---

Defendant Kerry Devin O'Bryan appeals his conviction and sentence on the ground that he was selectively prosecuted and disparately sentenced based on his gender. We affirm. [1]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On December 18, 1996, a grand jury handed down an indictment charging defendant with one count of manufacturing counterfeit currency, one count of passing counterfeit currency, two counts of bank robbery, and two counts of carrying or using a firearm during the bank robberies. In the same indictment, codefendant Amy Thomsen was charged with one count of manufacturing counterfeit currency, one count of passing counterfeit currency, and two counts of bank robbery, based on her participation in the robberies as the getaway driver.

Thomsen pled guilty to the four counts with which she had been charged and received a fifty-seven month sentence. Defendant initially agreed to plead guilty to the charges of counterfeiting, two counts of bank robbery, and one count of using a firearm during a bank robbery. Based on this plea, defendant would have been sentenced to between fifty-seven and seventy-one months under the United States Sentencing Guidelines, with an additional five years for the firearm charge, as required by statute.    See R. VI, doc. 152 at 14; 18 U.S.C. § 924(c). Alleging attorney incompetence and a lack of sleep the night before his plea hearing, defendant filed a pro se motion to withdraw his plea. In the first hearing on his motion, the district court allowed defendant's attorney to withdraw and appointed new counsel. The court then attempted to dissuade defendant from withdrawing his plea, during both the first and second hearings on the motion, because he would face significantly more time if he went to trial and was

-2-

convicted.  See R. VI, doc. 152  at 6-8, 13-17; R. V, doc. 151 at 8-13.  At defendant's insistence, the district court permitted him to withdraw the plea.

Defendant was tried and convicted of all six counts of the original indictment.  He was sentenced to a total of three hundred and fifty one months' imprisonment, based on a guidelines sentence of fifty-one months, plus a mandatory five years on the first firearm charge, and a mandatory twenty years on the second firearm charge,    see 18 U.S.C. § 924(c) (1997) (amended in 1998 to increase mandatory sentence for second conviction to twenty-five years).  At the sentencing hearing, defendant's attorney argued for a sentence reduction to remedy the disparity between defendant's sentence and that of his codefendant.  The district court denied the motion, stating that it had no authority to modify the mandatory statutory sentences and that defendant was responsible for the disparity by withdrawing his plea despite advice to the contrary.

After filing this appeal, defendant's second attorney sought leave to withdraw.  We granted the attorney's motion and appointed the federal public defender to represent defendant.  After this third attorney filed an appellate brief, defendant sought leave to withdraw the brief, to dismiss the attorney, and to represent himself on appeal.  We granted defendant's motion and he has now filed a pro se appellate brief.

Defendant argues that his convictions should be reversed because he was selectively prosecuted based on his gender, or that his sentence should be modified because of the disparity between his sentence and that of codefendant Thomsen. We review the disposition of a selective prosecution claim for an abuse of discretion. See United States v. Furman, 31 F.3d 1034, 1037 (10th Cir. 1994). The district court's interpretation and application of the sentencing guidelines and statutes are reviewed de novo. See United States v. Archuleta, No. 00-4014, ___ F.3d ___, 2000 WL 1597338, at *2 (10th Cir. Oct. 26, 2000) (guidelines); United States v. Gigley, 213 F.3d 503, 505 (10th Cir. 2000) (statute).

After reviewing the record, we conclude defendant has waived his claim of selective prosecution. A claim of selective prosecution is an "objection[] based on defects in the institution of the prosecution," which must be raised prior to trial. Fed. R. Crim. P. 12(b)(1); see United States v. Bryant, 5 F.3d 474, 476 (10th Cir. 1993) (holding selective prosecution claim waived if not raised before trial); United States v. Mann, 884 F.2d 532, 539-40 (10th Cir. 1989) (same). Here, defendant certainly did not raise the issue before trial and has not shown cause for his failure to do so, and despite his assertion to the contrary, his attorney's argument at sentencing concerned a downward departure to lessen the disparity between sentences, not a motion to dismiss for selective prosecution

based on gender. Accordingly, defendant's selective prosecution claim is waived by raising it for the first time on appeal. [2]

Defendant argues that his sentence should have been reduced to eliminate the disparity between his sentence and that of codefendant Thomsen. It is not clear whether defendant is referring to his sentence under the sentencing guidelines or under § 924(c). We are without authority to review the district court's decision under the guidelines, however, because the sentence was within the guideline range and the court was aware of its legal authority to grant a downward departure but simply declined to do so. See United States v. Fagan, 162 F.3d 1280, 1282 (10th Cir. 1998). We note in passing that we have held it to be an abuse of discretion to depart from the guidelines when a disparity between a defendant's sentence and that of a codefendant is due to a plea agreement. See United States v. Gallegos, 129 F.3d 1140, 1143 (10th Cir. 1997).

---

[2] We note that even if we were to decide the merits of defendant's claim, he could not succeed, as he has not met the "demanding" standard of showing by "clear evidence" that he and his female codefendant were "similarly situated," and that the decision not to charge her with the firearm enhancement was due to her gender. United States v. Armstrong, 517 U.S. 456, 463-465 (1996). Although they participated in the same robberies, on both occasions it was defendant who carried the firearm into the bank, threatened the bank's occupants with the firearm, and obtained money based on those threats, while codefendant Thomsen simply drove the getaway car. Thus defendant and Thomsen were not similarly situated, and the prosecutor and/or grand jury could have relied on the difference in their roles when indicting defendant for carrying or using a firearm during the commission of a felony, but not indicting Thomsen on the same charge.

As for the mandatory sentences for carrying or using a firearm under § 924(c), the district court correctly held that it lacked authority to grant a downward departure to remedy the disparity between sentences. See United States v. Campbell, 995 F.2d 173, 175 (10th Cir. 1993) (holding court lacks power to depart from a statutory minimum sentence for any reason other than that identified by statute, which is expressly limited by 18 U.S.C. § 3553(e) to reductions based on a defendant's substantial assistance).

Defendant has moved this court to supplement the record with documents and transcripts from the grand jury proceedings and from proceedings related to his codefendants' convictions and sentences, which he believes might support his selective prosecution claim. In light of our conclusion that defendant waived that claim, his motion is denied as moot. Defendant's motion to amend the error in his opening brief is granted.

The judgment is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-6-