**UNITED STATES of America, Plaintiff,**

v.

**William FOREMAN, Defendant.**

No. CR 95–910 JSL.

United States District Court,
C.D. California.

Feb. 1, 1996.

Barbara O'Connor, Office of the Federal Public Defender, Los Angeles, CA, for William Foreman.

ORDER DENYING GOVERNMENT'S REQUEST FOR AIDING AND ABETTING JURY INSTRUCTION

LETTS, District Judge.

*INTRODUCTION*

The matter before the Court provides one of the first opportunities for a district court to assess the significance and scope of the

Supreme Court's decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). This matter requires the Court to consider the application of 18 U.S.C. § 924(c) to defendants involved in violent crimes who do not personally use or carry a firearm. The Court concludes that *Bailey,* by defining "use" according to its plain meaning, entirely strips away all the judicial "gloss" that has expanded liability under § 924(c). *Bailey* now limits liability almost entirely to those who personally "use" or "carry" a firearm.

## FACTS

On September 27, 1995, William Foreman and three other men attempted to rob the Sumitomo Bank in Alhambra, California. The specific facts surrounding each participant's role in the bank robbery are still unclear. Mr. Foreman was indicted for attempted armed bank robbery under 18 U.S.C. § 2113(a) and (d) [1] and use of a firearm during a crime of violence under 18 U.S.C. § 924(c). [2] By the time of trial, Mr. Foreman had indicated to the government that he was willing to plead guilty to the attempted bank robbery under § 2113(a). Mr. Foreman, however, sought to deny any liability for a firearm and indicated his intention to go to trial on the charged § 2113(d) and § 924(c) violations.

The Court requested an offer of proof from the government on what it intended to prove at trial. The government stated that it would prove that Mr. Foreman was in the bank and carried a gun during the attempted armed robbery. The government also stated that in the alternative, it would argue that Mr. Foreman could be held liable for both

the § 2113(d) violation and the § 924(c) violation on an aiding and abetting theory. The government sought a jury instruction stating that Mr. Foreman could be held liable under both § 2113(d) and § 924(c) if he "knowingly and intentionally aided, counseled, commanded, induced or procured another person to commit the crime." Ninth Circuit Model Jury Instructions, Instruction 5.01, Aiding and Abetting, 1995. Even though aiding and abetting was not charged in the indictment, the government argued that they were entitled to the aiding and abetting instruction because aiding and abetting is implied in every federal indictment for a substantive offense. *United States v. Armstrong,* 898 F.2d 734, 737 (9th Cir.1990).

The defense objected to the aiding and abetting instruction on the § 924(c) count. The Court agrees that, while the aiding and abetting instruction is appropriately implied in the armed bank robbery count under § 2113(d), it is not appropriate for the § 924(c) charge. The government is not entitled to an aiding and abetting instruction in light of the Supreme Court's recent opinion in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

## ANALYSIS

In *Bailey,* the Supreme Court held that a conviction for "use" of a firearm during a crime of violence under § 924(c) requires that the government show that the defendant actively employed a firearm. —— U.S. at ——, 116 S.Ct. at 506. Active use includes "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* at ——, 116 S.Ct. at 508. Applying the *Bailey* analysis to lia-

---

1. 18 U.S.C. § 2113(a) provides in pertinent part: "Whoever, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another, . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both."

18 U.S.C. § 2113(d) provides: "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous

weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both."

2. 18 U.S.C. § 924(c) provides in pertinent part: "Whoever, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years." The five-year term must be served consecutively to any term of imprisonment imposed for the crime of violence or drug trafficking crime itself.

bility for aiding and abetting under § 924(c), the government must show that a defendant knowingly and intentionally aided and abetted the narrow definition of "use" articulated in *Bailey*. In the present case, an aiding and abetting theory would only make sense if the government were prepared to prove that Mr. Foreman grabbed hold of the arm of one of his accomplices with a gun and brandished or displayed the gun, or specifically had a conversation with them and counseled them to waive the gun at bank guards or employees. The government has made no such proffer.

The logical inference to be drawn from *Bailey* is that all of the words of § 924(c) should be given their plain meaning. If "use" is to have a literal meaning that is separate from possession, *Bailey* at ——, 116 S.Ct. at 509 so too must "carry" have a literal meaning beyond mere possession of a gun. Thus, aiding and abetting the carrying of a gun should mean knowingly and intentionally aiding, counseling, commanding, inducing or procuring someone to actively carry the gun. Again, the government has made no such proffer.

The court should only give an aiding and abetting instruction on a § 924(c) count when the government charges that the defendant aided and abetted the specific acts that fall within the literal definitions of "use" and "carry." An aider and abettor must knowingly and intentionally aid and abet the actual elements of the crime, and not just create the circumstances that permit the crime to occur. For example, an instruction might be given when the defendant is charged with grabbing a gun from a bank security guard and handing it to an accomplice during the robbery. In contrast, while serving as a lookout or driver may make one an aider and abettor of an armed bank robbery, it does not necessarily make one an aider and abet-

tor of using or carrying the gun. There is nothing in the act of serving as lookout or driver that proves that the defendant also did the necessary extra acts that would make him an aider and abettor of the use of the gun.

This distinction between what it takes to aid and abet an armed bank robbery and what it takes to aid and abet § 924(c) arises because § 924(c) is a separate offense that provides for five additional years of punishment beyond the twenty-five year maximum provided for armed bank robbery in § 2113(d). The elements of a § 924(c) violation must be different from the elements of a § 2113(d) violation, otherwise it would constitute double jeopardy to charge and punish a defendant for both § 2113(d) and § 924(c). *Blockburger v. United States*, 284 U.S. 299, 303, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) ("the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not"); *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir.1989). "The statutory element of 18 U.S.C. § 924(c) not part of § 2113(a) and (d) is the use or carriage of a firearm." *United States v. Gonzalez*, 800 F.2d 895, 898 (9th Cir.1986). It thus follows that to prove aider and abettor liability under § 924(c), the government must prove that Foreman engaged in additional acts beyond what it takes to aid and abet § 2113(d). It must prove that he aided and abetted the specific act of actively using or carrying a firearm.[3]

The Court's construction of *Bailey* is not merely a matter of pleading. A charge of conspiracy to violate § 924(c) would fail for the same reasons given with regard to aiding and abetting. Just as the government must prove that an aider and abettor under § 924(c) aided or abetted the specific "use"

---

3. In *Busic v. United States*, 446 U.S. 398, 410, 100 S.Ct. 1747, 1755, 64 L.Ed.2d 381 (1980), the Supreme Court discusses aiding and abetting liability under § 924(c). It states that an aider and abettor can be punished under § 924(c) for a gun used by a principal because the principal's gun becomes the aider/abettor's gun "as a matter of law." *Id.* However, at the time this discussion was written, § 924(c) could not be used to enhance a sentence if the predicate felony already included an enhancement for use of a weapon.

The purpose of the discussion was to explain why § 924(c) liability could not apply to the principal nor the aider/abettor. Section 924(c) has since been amended to allow for enhancement of offenses that include weapons enhancements, as does § 2113(d). Given this amendment, not only is the discussion in *Busic* inapplicable, but it would pervert *Busic*'s reasoning to use it to expand, instead of contract, the reach of § 924(c).

388

or "carrying" of a firearm, the government must prove that a defendant agreed to the specific "use" or "carrying" of a firearm before an instruction for conspiracy under § 924(c) is appropriate. The agreement to participate in an armed bank robbery cannot double as the agreement to "use" or "carry" a gun. See *United States v. Morehead,* 959 F.2d 1489, 1508–09 (10th Cir.1992). Just as it would constitute double jeopardy to allow the same elements to result in aiding and abetting liability under of § 924(c) and § 2113(d), it would also constitute double jeopardy to allow the same agreement to create conspiracy liability under both § 2113(d) and § 924(c). *Blockburger,* 284 U.S. at 303, 52 S.Ct. at 182.

*Bailey* clarifies that the purpose of § 924(c) is to single out the actual user or carrier of a gun during a violent crime. This person is deemed more culpable for the gun offense, and the added violence that flows from using or carrying a gun. Limiting liability under § 924(c) to actual users and carriers, however, does not mean that other defendants involved in robberies where a gun is used, but who do not actually carry or use a gun, will not be penalized for the presence of the firearm. Under the Sentencing Guidelines, defendants who are not the actual carrier or user of the gun will still have their sentences enhanced if a firearm is used during the course of the robbery. Sentencing Guidelines § 2B3.1(b)(2). Section § 924(c) must be reserved for the actual user or carrier, or one who aids and abets or conspires to the specific acts that constitute "use" or "carrying," as those words are defined under *Bailey.*

IT IS SO ORDERED.