Jack E. WRIGHT, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 97–3452.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 4, 1998.

Decided March 13, 1998.

Jack E. Wright (submitted on briefs), Ashland, KY, for Petitioner–Appellant.

Andrew B. Baker, Jr., Office of the United States Attorney, Dyer, IN, for Respondent–Appellee.

Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.

ESCHBACH, Circuit Judge.

On June 28, 1989, a jury found Jack E. Wright guilty of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; aiding and abetting an armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and aiding and abetting the use of a dangerous weapon during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). We affirmed his conviction on direct appeal.[1]

Subsequently the Supreme Court decided *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) and concluded that under § 924(c)(1) the Govern-

---

1. We decided the initial appeal in this case on June 8, 1995 in an unpublished order. Under our Operating Procedure 6(b), this is a successive appeal wherein the defendant claims that the Supreme Court's *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) affects his conviction for aiding and abetting a violation of 18 U.S.C. § 924(c). We have concluded that oral argument would not be helpful in this appeal.

ment must show active employment of the firearm. Wright then filed a Motion pursuant to 28 U.S.C. § 2255 challenging his § 924(c)(1) conviction.

■ Mr. Wright did not raise this issue "at trial or direct appeal, [so] he may not proffer it as a ground for collateral attack unless he demonstrates (1) good cause for failing to raise the error and (2) that the alleged error was actually prejudicial." *Waldemer v. United States*, 106 F.3d 729, 731 (7th Cir.1996).

■ Wright contends that he was prejudiced because *Bailey* limits aiding and abetting liability under § 924(c). If "use" now means active employment, he argues, then an aider and abettor cannot be convicted under § 924(c)(1) unless he aided and abetted the *actual use* of the weapon. He cites *United States v. Foreman*, 914 F.Supp. 385 (C.D.Cal. 1996) for the proposition that after *Bailey*, an aider and abettor must knowingly and intentionally aid and abet the "use" of the gun.

> Applying the *Bailey* analysis to . . . aiding and abetting under § 924(c), the government must show that a defendant knowingly and intentionally aided and abetted the narrow definition of "use" articulated in *Bailey*. In the present case, an aiding and abetting theory would only make sense if the government were prepared to prove that Mr. Foreman grabbed hold of the arm of one of his accomplices with a gun and brandished or displayed the gun, or specifically had a conversation with them and counseled them to waive the gun at bank guards or employees.

*Id.* at 386–87.

We think *Foreman* misreads *Bailey*. Although we have never expressly decided the issue, we have implied in dicta that *Bailey* does not alter aiding and abetting liability under § 924(c). We stated in *United States v. Golden*, 102 F.3d 936 (7th Cir.1996) that

> Title 18 U.S.C. § 2(a), punishes as a principal "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission," or "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense

against the United States." Aiding and abetting liability under 18 U.S.C. § 2 has been routinely applied in conjunction with 18 U.S.C. § 924(c) to convict individuals of "aiding and abetting in using or carrying a firearm."

*Id.* at 945 (citations omitted) (quoting *United States v. Price*, 76 F.3d 526, 529 (3d Cir. 1996)); *see also United States v. Westmoreland*, 122 F.3d 431, 436 n. 1 (7th Cir.1997) (same dicta (citing *Golden*, 102 F.3d at 945)).

As the district court in Wright's case succinctly stated, "*Bailey* [limits] what actions, rather than actors, are actionable under § 924(c)." District Court Order of March 4, 1997 at 6 (citing *Bailey*, 516 U.S. at 148, 116 S.Ct. at 508 ("To illustrate the activities that fall within the definition of 'use' provided here, we briefly describe some of the activities that fall within 'active employment' of a firearm, and those that do not.")). The essence of aider and abettor liability is that a person is punished as a principal even though he did not commit the actual elements of the crime. The *Foreman* court, by interpreting *Bailey* to limit which actors could be punished under § 924(c), disregards the nature and viability of this sort of accessory liability. We thus hold that *Bailey* did not limit the aiding and abetting theory of criminal liability under § 924(c).

Several other circuits have reached the same result. See *United States v. DePace*, 120 F.3d 233, 239 n. 9 (11th Cir.1997) ("[T]he Supreme Court did not limit the aiding and abetting theory of criminal liability in *Bailey*; it merely defined the term use."), *cert. denied*, —— U.S. ——, 118 S.Ct. 1177, 140 L.Ed.2d 185 (1998); *Barrett v. United States*, 120 F.3d 900, 901 (8th Cir.1997) (*Bailey* does not preclude the continued application of aiding and abetting liability to § 924(c)(1) offenses.); *United States v. Malpeso*, 115 F.3d 155, 166–67 (2d Cir.1997) ("We have reaffirmed the appropriateness of aiding and abetting . . . theories of liability for § 924(c)(1) violations in several post-*Bailey* cases. . . ."); *Price*, 76 F.3d at 529 (3d Cir.) (After *Bailey*, aiding and abetting theory of liability remains applicable to § 924(c) offenses.).

■ In his pro se brief, Wright raises two other issues which we dispose of summarily. First, Wright argues that after he had filed his § 2255 petition, the district court gave the government a second bite at the apple by permitting the government to file a second brief. Wright correctly notes that it is customary for the government to file only one brief, an answer brief that responds to petitioner's primary brief. *Cf.* N.D. Ind. Local Rule 7.1. In this case, however, the district court also permitted the government to file a brief in response to Wright's reply brief. The court said that since Wright's reply brief may have substituted a sufficiency of the evidence theory for his initial *Bailey* argument, the government must have an opportunity to respond to the newly articulated argument.

If the sufficiency argument was not made in Wright's initial brief to this court, it should have been considered waived, despite the fact that defendant was proceeding pro se. *See Wilson v. Giesen,* 956 F.2d 738, 741 (7th Cir.1992); *see also United States v. Feinberg,* 89 F.3d 333, 340–41 (7th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 997, 136 L.Ed.2d 876 (1997) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."). The reason for this rule of waiver is that a reply brief containing new theories deprives the respondent of an opportunity to brief those new issues.

In this case, however, it was unclear whether the new sufficiency issue had been raised in the primary brief. See District Court Order of October 11, 1996 at 3 ("reply may have substituted a new theory"). Therefore, the district court permitted Wright to raise the sufficiency theory in his reply brief. *Id.* at 2 (citing *Coulter v. Gramley,* 93 F.3d 394, 397 (7th Cir.1996) ("Although we agree that the petition is not a model of legal draftsmanship, it is important to construe pro se filings liberally.")). The court deemed it inappropriate to hold the pro se litigant to arguments immediately apparent in his initial memorandum, but "[i]t is equally inappropriate to hold the government responsible for failing to meet arguments not made clear until Mr. Wright's reply." *Id.* at

3. Essentially, Wright requests that he be permitted to raise the sufficiency of evidence issue, and that the government be denied the opportunity to brief that issue. This reasoning is contrary to principles of basic fairness and adversarial testing. *Cf. Strickland v. Washington,* 466 U.S. 668, 685, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984) ("[A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal...."). There was no error in permitting the government to file a second brief.

■ Turning now to the sufficiency argument, defendant argues that the evidence at trial was insufficient for his conviction. He claims the government failed to establish evidence from which a jury could reasonably infer that the defendant, sitting in the passenger seat, knew a gun was hidden behind the center console of the automobile. Since Wright has not demonstrated cause for his failure to raise the issue on direct appeal, this argument is procedurally barred. *Waldemer v. United States,* 106 F.3d 729, 731 (7th Cir.1996). Accordingly, we AFFIRM the district court's denial of the § 2255 motion.