**UNITED STATES of America,
Plaintiff,**

v.

**Fritz Artz SPRINGMEIER, Defendant.**

**No. CR 02–24–RE.**

United States District Court,
D. Oregon.

March 21, 2003.

---

Frank Noonan, Portland, OR, for Plaintiff.

Robert W. Reid, Reid & Bates, Michael Levine, Federal Public Defender, Patrick M. Birmingham, Portland, OR, for Defendant.

## OPINION AND ORDER

REDDEN, District Judge.

The matter before the court is defendant Springmeier's post-verdict motion (doc. 109) for a judgment of acquittal. For the reasons discussed below, the motion is denied.

On February 12, 2003, a jury returned guilty verdicts against defendant Springmeier on two counts of a three count indictment. Count 1 charged defendant with armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and count 2 charged defendant with using and carrying a firearm during the armed bank robbery alleged in count 1 in violation of 18 U.S.C. § 924(c)(1). Count 3, which charged defendant with using and carrying a destructive device during a bank robbery, did not go to the jury because the court ruled that the evidence did not support that charge under 18 U.S.C. § 924(c)(1).

In counts 1 and 2 of the indictment, the government proceeded under an aiding and abetting theory. Defendant has now filed a post-verdict motion for a judgment of acquittal, arguing that the evidence at trial, even when viewed in a light most favorable to the government, is not sufficient to support the verdict of guilty as to (a) that part of count 1 that alleges that, in committing the bank robbery, "said defendants did assault and put in jeopardy the lives of said employees by use of a dangerous weapon, to-wit: a semi-automatic rifle," and (b) that part of count 2 that alleges that "defendants herein did knowingly use, possess and carry firearms, to-wit: a semi-automatic rifle, during and in relation to" the bank robbery charged in count 1.

Defendant first argues that *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), limited aiding and abetting law. In *Bailey,* the Supreme Court undertook to clarify the meaning of "use" under § 924(c). The Court held that § 924 requires "the Government must show active employment of the firearm" to prove that a defendant used a firearm in a crime of violence. *Id.* at 143, 116 S.Ct. 501.

Defendant argues that *Bailey,* taken together with *United States v. Foreman,* 914 F.Supp. 385 (C.D.Ca.1996), means that under an aiding and abetting theory, the government must show that he aided and abetted Bateman's "use" of the firearm, as the concept of "use" was clarified in *Bailey* to mean active employment. In *Foreman,* the district court found that *Bailey* had altered the aiding and abetting analysis, and ruled that "[a]pplying the *Bailey* analysis to liability for aiding and abetting under section 924(c), the government must show that a defendant knowingly and intentionally aided and abetted the narrow definition of 'use' articulated in *Bailey.*" *Id.* at 386–87. This would happen only "if the government were prepared to prove that [defendant] grabbed hold of the arm of one of his accomplices with the gun and brandished or displayed the gun, or specifically had a conversation with them and

counseled them to waive the gun at bank guards or employees." *Id.* at 387.

Although the Ninth Circuit has not addressed the issue, a number of circuits have specifically held that *Bailey* did not alter the aiding and abetting analysis. For example, in *Wright v. United States,* 139 F.3d 551, 552 (7th Cir.1998), the Seventh Circuit stated that the *Foreman* court had misread *Bailey,* and that

> The essence of aider and abettor liability is that a person is punished as a principal even though he did not commit the actual elements of the crime. The *Foreman* court, by interpreting *Bailey* to limit which actors could be punished under § 924(c), disregards the nature and viability of this sort of accessory liability. We thus hold that *Bailey* did not limit the aiding and abetting theory of criminal liability under § 924(c).

*Id.* at 552. *See also United States v. Malpeso,* 115 F.3d 155, 166–67 (2d Cir. 1997) ("We have reaffirmed the appropriateness of aiding and abetting ... theories of liability for § 924(c)(1) violations in several post-*Bailey* cases."), *cert. denied,* 524 U.S. 951, 118 S.Ct. 2366, 141 L.Ed.2d 735 (1998); *United States v. Price,* 76 F.3d 526, 529 (3rd Cir.1996) (after *Bailey,* aiding and abetting theory of liability remains applicable to § 924 offenses); *Barrett v. United States,* 120 F.3d 900, 901 (8th Cir. 1997) (*Bailey* does not preclude the continued application of aiding and abetting liability to § 924(c)(1) offenses); *United States v. DePace,* 120 F.3d 233, 239 n. 9 (11th Cir.1997) ("[T]he Supreme Court did not limit the aiding and abetting theory of criminal liability in *Bailey;* it merely defined the term use"), *cert. denied,* 522 U.S. 1153, 118 S.Ct. 1177, 140 L.Ed.2d 185 (1998).

■ I conclude that *Bailey* did not change aiding and abetting law. *Bailey* does not even address, and therefore cannot preclude, aider and abettor liability for using or carrying a firearm during and in relation to a crime of violence. Rather, *Bailey* limits what actions, not what actors, are actionable under § 924(c). *Bailey* only defined the circumstances regarding a principal's use, requiring the use to be active. In this case, there is no dispute that the "use" of the principal, Bateman, was active.

■ Defendant goes on to challenge the sufficiency of the evidence at trial to support a guilty verdict for aiding and abetting. Specifically, defendant asserts that the evidence established nothing more than knowledge on his part that Bateman would carry and use the firearm in the bank robbery. Defendant asks the court to ignore the jury's verdict, and enter a judgment of acquittal.

■ In considering a challenge to the sufficiency of the evidence, the court must consider whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Bautista–Avila,* 6 F.3d 1360, 1362 (9th Cir.1993).

■■ Because aiding and abetting law was not changed by *Bailey* or *Foreman,* the rule in the Ninth Circuit remains that "[i]n order to convict a defendant for armed bank robbery under an aiding and abetting theory ... the government [has] to show beyond a reasonable doubt both that the defendant knew that the principal had and intended to use a dangerous weapon during the robbery, and that the defendant intended to aid in that endeavor." *United States v. Dinkane,* 17 F.3d 1192, 1195 (9th Cir.1994); *United States v. Jones,* 592 F.2d 1038, 1042 (9th Cir.), *cert. denied,* 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979); *United States v. Short,* 493 F.2d 1170, 1172 (9th Cir.), *mod-*

*ified,* 500 F.2d 676, *cert. denied,* 419 U.S. 1000, 95 S.Ct. 317, 42 L.Ed.2d 275 (1974). Mere knowledge that a firearm is to be used in a robbery is insufficient to create aiding and abetting liability under § 924(c) because § 924(c) requires proof that he directly facilitated or encouraged the use or carrying of a firearm. *United States v. Bancalari,* 110 F.3d 1425, 1429 (9th Cir. 1997) (conviction reversed because jury instruction required nothing more than defendant's knowledge of the firearm for conviction for aiding and abetting accomplice's use of the firearm).

In this case, the jury instructions were identical to those upheld in *United States v. Dinkane*—the jury instructions required the government to prove beyond a reasonable doubt that defendant Springmeier knew Bateman had and intended to use a firearm, and that he intended to aid in that endeavor. In addition, in response to a question from the jury during deliberations, this court again instructed that the word "endeavor," as used in the instruction, related not simply to the bank robbery but also to the use of the firearm.

In *United States v. Nelson,* 137 F.3d 1094, 1103 (9th Cir.1998), several defendants argued that their convictions should be reversed because the evidence established only that they knew about the firearm. The court disagreed, saying that

> [D]efendants did not simply rob the jewelry stores with knowledge that a gun was being carried or used during the robbery. Here, each defendant knew before the robberies that a gun *would* be used. This distinction is important because with foreknowledge, as opposed to mere knowledge at the scene, defendant's actions before the crime may support a conviction for aiding and abetting.

*Id.* at 1103 (emphasis in original). "Of course, *mere* foreknowledge that a gun would be used remains insufficient. The prosecution must still prove a specific in-

tent to aid the firearms crime." *Id.* (emphasis in original). "[I]f a defendant knew before the crime that a gun would be used and acted to facilitate or encourage that use, a jury may more easily be able to infer that the defendant specifically intended to aid the use of the firearm." *Id.* at 1104.

■ In *Nelson,* the court held that the acts that facilitated or encouraged the use of the firearm occurred during both the planning and the execution of the robberies, and that evidence of such planning directed at the gun itself was sufficient to support convictions for aiding and abetting the use of a gun. *Id.See also United States v. Easter,* 66 F.3d 1018, 1023–24 (9th Cir.1995) (sufficient evidence supported aiding and abetting under § 924 where defendant participated in a discussion about the use of a gun before the robbery, knew who would carry the gun, and saw at least one of the guns). Circumstantial evidence can be used to prove any fact. *United States v. Nelson,* 137 F.3d 1094, 1103–04 (9th Cir.1998) (specific intent to aid and abet may be inferred from circumstantial evidence). The court went on to say that mere participation in planning the robbery in general does not mean that a defendant counseled or encouraged the use of the firearm in particular. *Nelson* at 1104.

In this case, the jury could infer from the evidence more than mere participation by Springmeier in the general planning of the robbery. Witness Huntington testified about how Springmeier worked with he and Bateman on the general and detailed planning of the bank robbery, which included choosing the bank to be robbed, determining the timing of the robbery, choosing access and exit routes, the use of a diversionary device and its timing as an effective distraction, the use of the fire-

arm, and the obtaining and use of a stolen car.

Viewing the evidence in a light most favorable to the government, there was sufficient evidence for a rational trier of fact to have found Springmeier guilty under an aiding and abetting theory. Circumstantial evidence can be used to prove any fact. *Nelson* at 1103–04. The government presented evidence from which the jury could conclude that Springmeier was engaged with Bateman and Huntington in the affirmative acts of planning, preparing for, and carrying out the armed bank robbery. It is not disputed that Bateman's use of a firearm was one aspect of the planned robbery. The jury could reasonably infer that Springmeier, having been involved in the affirmative acts of planning, preparation, and carrying out of the robbery, and having the knowledge that a firearm would be used in the robbery, was also involved in the affirmative acts of planning, preparation, and carrying out as to the firearm aspect. *Nelson* at 1103–04. Viewing the evidence in a light most favorable to the government, this court cannot conclude from the evidence that somehow Springmeier was exempt from any complicity in the one part of the planning and preparation that involved the firearm.

Based on the foregoing, defendant's post-verdict motion (doc. 109) for a judgment of acquittal is DENIED.

IT IS SO ORDERED.