In the

# United States Court of Appeals

### For the Seventh Circuit

Nos. 10-3898 & 11-1006

SUSIE WEITZENKAMP,

*Plaintiff-Appellant,*
*Cross-Appellee,*

*v.*

UNUM LIFE INSURANCE COMPANY OF AMERICA,

*Defendant-Appellee,*
*Cross-Appellant.*

Appeals from the United States District Court
for the Eastern District of Wisconsin.
No. 1:09-cv-01017-WCG—**William C. Griesbach**, *Judge*.

ARGUED MAY 11, 2011—DECIDED JULY 11, 2011

Before ROVNER and HAMILTON, *Circuit Judges*, and
LEFKOW, *District Judge*.[*]

LEFKOW, *District Judge*. After being diagnosed with
fibromyalgia, chronic pain, anxiety, and depression, Susie

[*] The Honorable Joan Humphrey Lefkow of the Northern District of Illinois, sitting by designation.

Weitzenkamp was awarded long-term disability benefits under an employee benefit plan ("the plan") issued and administered by Unum Life Insurance Company ("Unum"). Benefits were discontinued a little more than twenty-four months later, when Unum determined that Weitzenkamp had received all to which she was entitled under the plan's self-reported symptoms limitation. Because Weitzenkamp had retroactively received social security benefits, Unum also sought to recoup equivalent overpayments as provided by the plan. On appeal, Weitzenkamp challenges the application of the self-reported symptoms limitation to her case and argues that Unum's claim for overpayment is barred because the Social Security Act prohibits attachment or garnishment of social security payments. Although Weitzenkamp raises numerous arguments as to why Unum's discontinuation of benefits warrants reversal, we need only address one, for the failure to include the self-reported symptoms limitation in the summary plan description ("SPD") prevents Unum from relying on it to discontinue benefits. The Social Security Act, however, does not bar Unum from recovering overpayments occasioned by Weitzenkamp's receipt of social security benefits. The district court's judgment is thus affirmed in part and reversed in part. The cross-appeal is dismissed.

**I.**

Weitzenkamp worked at Time Warner Cable Inc. as a sales representative. Weitzenkamp participated in the plan, which is governed by the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and administered by Unum. The plan gives Unum discretion to determine eligibility and to interpret the plan's terms. A participant who is limited from performing the material and substantial duties of her regular position due to sickness or injury that results in a twenty percent or more loss in indexed monthly earnings is entitled to long-term benefits. After twenty-four months of payments, the disability determination is revisited, with the criterion changing from being unable to perform one's own occupation to being unable to perform any occupation. As long as a participant meets the "any occupation" standard, benefits continue until she is no longer disabled or has reached the maximum period of payment. For someone like Weitzenkamp, who was under sixty at the onset of her disability, it would be age sixty-five. One significant and relevant limitation exists, however, as benefits cease after twenty-four months for those with "[d]isabilities, due to sickness or injury, which are primarily based on self-reported symptoms, and disabilities due to mental illness, alcoholism or drug abuse." Self-reported symptoms are "the manifestations of your condition which you tell your doctor that are not verifiable using tests, procedures or clinical examinations standardly accepted in the practice of medicine." The plan provides a non-exhaustive list of self-reported symptoms: "headaches, pain, fatigue, stiffness, soreness, ringing in ears, dizziness, numbness and loss of energy."

As required under ERISA, Unum provided Weitzenkamp and others covered by the plan with a SPD. The SPD states that "[p]ayments for *disabilities* other than those

attributable to *mental illness* or substance abuse may continue until the earlier of the date you recover or the date shown on the schedule."[1] The twenty-four month limitation for disabilities due to mental illness and substance abuse is reiterated two more times in the SPD. No mention is made, however, of the self-reported symptoms limitation.

On December 13, 2005, after a viral illness, Weitzenkamp's physician certified that she was unable to work. She continued to suffer from ongoing pain and fatigue and was eventually diagnosed with fibromyalgia, chronic pain, anxiety, and depression. After exhausting her short-term disability benefits, Weitzenkamp sought long-term disability benefits. Unum approved Weitzenkamp's request on July 25, 2006, retroactive to June 12, 2006, under a reservation of rights. The approval letter included language from the plan on what was considered a disability but did not mention the self-reported symptoms limitation. Unum removed its reservation of rights on January 29, 2007, but also invoked the self-reported symptoms and mental illness limitations, indicating it would pay benefits until June 11, 2008 unless other conditions arose to which the limitation did not apply.

Unum required Weitzenkamp to apply for social security benefits. She was awarded social security disability benefits in September 2007 based on a primary diagnosis of affective disorder and a secondary diagnosis of muscle and ligament disorders due to fibromyalgia.

---

[1] The schedule lists the maximum period of payment.

The award was retroactive to December 13, 2005. As provided in the plan, Unum reduced Weitzenkamp's monthly benefit accordingly. As Unum also had reserved the right to recover any overpayments that resulted from a participant's retroactive receipt of social security benefits, it requested that Weitzenkamp reimburse it for this amount. Some of this overpayment was recovered, but a balance of $9,089 remains.

On August 22, 2008, after reviewing Weitzenkamp's medical records, Unum discontinued her benefits. While acknowledging that Weitzenkamp did not "have reliable, sustainable functional capacity at any level of physical demand," Unum concluded that her disability was primarily based on self-reported symptoms and mental illness and that she did not suffer from a severe enough physical condition to get around the twenty-four month limitation.

Weitzenkamp appealed through the plan's appeal process. After further review, including having another rheumatologist examine Weitzenkamp's medical records, Unum affirmed its decision. Weitzenkamp then filed this law suit. Unum counterclaimed, seeking recoupment of the overpayment created by Weitzenkamp's retroactive receipt of social security benefits. Both parties moved for summary judgment. The district court found that to the extent Unum's discontinuation of benefits was based on a finding that she was not disabled, that decision was arbitrary and capricious. But the district court upheld Unum's application of the self-reported symptoms limitation. It also concluded that

Unum is entitled to $9,089 as a result of its overpayment of benefits. Weitzenkamp now appeals. Unum filed a conditional cross-appeal to preserve its right to appeal the district court's determination that Unum's finding of no disability was arbitrary and capricious if we reverse the judgment.

## II.

We review the district court's grant of summary judgment *de novo*. *Jenkins v. Price Waterhouse Long Term Disability Plan*, 564 F.3d 856, 860 (7th Cir. 2009). Where, as here, the plan grants the administrator the discretion to determine eligibility and construe the plan terms, we review the administrator's decision under an arbitrary and capricious standard. *Id.*

## A.

We can resolve the benefits termination issue on a narrow ground, that Unum's failure to include the self-reported symptoms limitation in the SPD estops it from relying on the limitation as a basis for its decision.

As an initial matter, the district court's finding that Weitzenkamp waived the SPD argument was error. Arguments raised in a reply brief are typically deemed waived, *see Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010), the reason being "that a reply brief containing new theories deprives the respondent of an opportunity to brief those new issues." *Wright v. United*

*States*, 139 F.3d 551, 552 (7th Cir. 1998). But, given the manner in which the SPD argument was raised below, a finding of waiver is not warranted. Weitzenkamp moved for summary judgment on the issue of disability. Only in its combined response and cross-motion did Unum invoke the self-reported symptoms limitation as an additional basis for finding in its favor. The failure to include the self-reported symptoms limitation in the SPD is a defense against its application and thus was properly raised in response to Unum's cross-motion in Weitzenkamp's combined response and reply brief. Unum had the opportunity and did reply to the argument in the district court, and the issue is fully briefed before us. We thus see no obstacle to addressing the SPD issue on its merits.

An SPD is intended to be a "capsule guide [to the plan] in simple language." *Herrmann v. Cencom Cable Assocs., Inc.*, 978 F.2d 978, 984 (7th Cir. 1992). While an SPD need not "anticipate every possible idiosyncratic contingency that might affect a particular participant's or beneficiary's status," *Lorenzen v. Emps. Ret. Plan of the Sperry & Hutchison Co.*, 896 F.2d 228, 236 (7th Cir. 1990), it must "be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a). In addition to providing identifying information about the administrator of the plan, an SPD must include "the plan's requirements respecting eligibility for participation and benefits" and "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." *Id.* § 1022(b). "If an SPD does not satisfy ERISA's

disclosure requirements, a court may estop a plan ad-
ministrator from denying coverage for terms not
included in the SPD but found in the underlying plan."
*Mers v. Marriott Int'l Group Accidental Death & Dismember-
ment Plan*, 144 F.3d 1014, 1022 (7th Cir. 1998); *see also
Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 587 (7th
Cir. 2000). Although the parties argue over whether the
SPD and plan terms conflict, we need not reach this
issue if the SPD does not comply with § 1022. *Mers*, 144
F.3d at 1022 n.4.

Here, the SPD clearly sets out that long-term benefits
will be discontinued after twenty-four months if a partici-
pant's disability is due to mental illness or substance
abuse. It does not, however, mention that this same time
limitation applies if a participant's disability is based
primarily on self-reported symptoms. This omission
violates § 1022. Unum proffers no reason, and none is
apparent, for its highlighting the loss of benefits that
results from the application of the mental illness and
substance abuse limitations in *three* different places in
the SPD while omitting the self-reported symptoms
limitation, which is part of the same provision in the
plan. The self-reported symptoms limitation is not an
idiosyncratic contingency concerning only a few people
but rather a broad exception to the continuation of
benefits that should reasonably be included in the SPD.
*See Bowerman*, 226 F.3d at 590-91 ("In this case, the infor-
mation the Plan should have provided to Ms. Bowerman
would not have been information unique to her situa-
tion; rather, the information she needed would have
been information relevant to all Plan participants who

were rehired by Wal-Mart within a few weeks or months after leaving the company. The Plan's explanation of its policy in the 1995 SPD simply failed to fully and fairly communicate how the policy would work to the benefit of any of the Plan's participants who found themselves in such circumstances."); *cf. Herrmann*, 978 F.2d at 983-84 (finding no § 1022 violation where the limitation that was omitted from the SPD would affect only a few people); *Tegtmeier v. Midwest Operating Eng'rs Pension Trust Fund*, 390 F.3d 1040, 1048 (7th Cir. 2004) (same).

Because the SPD failed to "reasonably apprise" Weitzenkamp of the self-reported symptoms limitation and this limitation is relevant to a wide spectrum of plan participants, the SPD does not satisfy § 1022. Unum is therefore estopped from relying on the self-reported symptoms limitation in denying Weitzenkamp benefits.

**B.**

The district court found that Unum is entitled to recover $9,089 in overpayments it made to Weitzenkamp. Weitzenkamp does not dispute that Unum may recover an overpayment of benefits pursuant to the reimbursement provision in the plan. *See Gutta v. Standard Select Trust Ins. Plan*, 530 F.3d 614, 620-21 (7th Cir. 2008) (citing *Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (2006)). While she did not raise any opposition to Unum's counterclaim in the district court, Weitzenkamp now argues that § 207(a) of the Social Security Act, 42 U.S.C. § 407(a), precludes Unum from recovering any overpayment that resulted from her

receipt of social security benefits. Generally, "we will not consider an argument not passed on below, but we may appropriately do so where, as here, the parties have briefed it and the resolution is clear." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 807 (7th Cir. 2011).

Section 207(a) provides that social security benefits shall not "be subject to execution, levy, attachment, garnishment, or other legal process." Weitzenkamp argues that Unum's counterclaim effectively seeks an equitable lien on her social security benefits. True, Unum cannot impose a lien directly on Weitzenkamp's social security benefits. But Unum recognizes this and instead seeks an equitable lien on specific funds it paid Weitzenkamp under the plan to which it has a claim for reimbursement. This does not contravene § 207(a). *See Hall v. Liberty Life Assurance Co. of Boston*, 595 F.3d 270, 274-75 (6th Cir. 2010). To paraphrase *Cusson v. Liberty Life Assurance Co. of Boston*, 592 F.3d 215, 232 (1st Cir. 2010), although the amount in question happens to be the same as the amount of Weitzenkamp's retroactive social security payment, the funds Unum is targeting do not come from social security. Rather, they come from overpayments Unum paid to Weitzenkamp. Thus, § 207(a) does not bar recovery.

## III.

Unum filed a conditional cross-appeal to preserve its right to challenge the district court's non-dispositive finding that Unum's determination of no disability was arbitrary and capricious. This challenge by way of cross-

appeal was procedurally improper. A cross-appeal is appropriate only if a prevailing party seeks a judgment different from that rendered by the district court. *See United States v. Tarkowski*, 248 F.3d 596, 602-03 (7th Cir. 2001). With its cross-appeal, Unum seeks not to alter the judgment, i.e., the bottom line, but to advocate an alternate ground for affirming the district court's judgment that the denial of benefits was proper. While advancing this alternate ground asks us to reject the district court's reasoning on the no-disability issue, such an attack can and should have been raised by Unum in this appeal. *See Wellpoint, Inc. v. C.I.R.*, 599 F.3d 641, 650 (7th Cir. 2010) ("[T]he appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, *although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.*" (quoting *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435, 44 S. Ct. 560, 68 L. Ed. 1087 (1924)). We indicated as much to Unum in a show-cause order issued in No. 11-1006 prior to Unum's having filed its brief in this case. Unum maintained, however, that its cross-appeal was proper, relying on *Council 31, American Federation of State, County, & Municipal Employees, AFL-CIO v. Ward*, 978 F.2d 373, 380 (7th Cir. 1992), a case in which we decided a conditional cross-appeal of the district court's class certification order after reversing its grant of summary judgment in the defendant's favor. Subsequent cases, however, have reiterated the rule that cross-appeals are not appropriate in routine cases like ours that raise only alternate grounds for affirmance of the judgment and not

an independent issue like the propriety of class certification. *See, e.g.*, *Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*, No. 10-3488, slip op. at 16 (7th Cir. June 14, 2011); *Tarkowski*, 248 F.3d at 602-03. As Unum did not raise its alternate arguments in this appeal, it forfeited the ability to challenge the district court's finding on the disability issue.

What remains, then, is to determine the appropriate remedy, either reinstatement of benefits or remand to Unum for further proceedings consistent with this opinion. "In fashioning relief for a plaintiff who has sued to enforce her rights under ERISA, we have focused 'on what is required in each case to fully remedy the defective procedures given the *status quo* prior to the denial or termination' of benefits." *Schneider v. Sentry Grp. Long Term Disability Plan*, 422 F.3d 621, 629 (7th Cir. 2005) (quoting *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771, 776 (7th Cir. 2003)). Here, Unum had previously determined that Weitzenkamp was entitled to benefits under the "own occupation" standard. Her benefits were terminated approximately two months after the "any occupation" standard took effect. In its denial letter, Unum agreed that Weitzenkamp did not "have reliable, sustainable functional capacity at any level of physical demand" while at the same time noting that the Social Security Administration's evaluation of her functional capacity indicated that she was not precluded from performing her own occupation. Weitzenkamp's treating rheumatologist, however, concluded that "[d]espite interventions by neurology, psychiatry, psychology,

neuropsychology, orthopedics, physiatry, integrative medicine, [and a] pain program with multiple interventions from these services, [Weitzenkamp] remains unable to work." The district court found that Unum's arguments against this conclusion failed even under arbitrary and capricious review. After a review of the record, we agree that the record evidence points to a finding of disability under the "any occupation" standard. *See Holmstrom v. Met. Life Ins. Co.*, 615 F.3d 758, 778 (7th Cir. 2010) ("[W]e tend to award benefits when the record provides us with a firm grasp of the merits of the participant's claim."). Reinstatement of benefits, retroactive to August 22, 2008, is thus appropriate. Unum is free to revisit Weitzenkamp's present eligibility for benefits, proceeding in a manner consistent with this opinion and that of the district court on the disability issue.

## IV.

As the self-reported symptoms limitation was not included in the SPD in violation of § 1022, Unum may not rely on this limitation to discontinue Weitzenkamp's long-term benefits after twenty-four months. We reverse the district court's judgment on this issue and remand with instructions to order Unum to reinstate Weitzenkamp's benefits retroactive to August 22, 2008. We affirm the judgment on Unum's counterclaim. Unum's cross-appeal, No. 11-1006, is dismissed.